UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SSCP MANAGEMENT INC.; and<br>ATHR MANAGEMENT COMPANY, LLC,<br><br>               Plaintiffs,<br><br>     vs.<br><br>UNITED STATES SMALL BUSINESS<br>ADMINISTRATION; and<br><br>ISABELLA CASILLAS GUZMAN,<br>Administrator, U.S. Small Business<br>Administration,<br><br>             Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. _____ |

## <u>COMPLAINT</u>

Plaintiffs SSCP Management Inc. ("SSCP"), and ATHR Management Company, LLC ("ATHR"), by and through counsel, allege and state as follows:

### INTRODUCTION

1.      This is an action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking judicial review of unlawful, arbitrary and capricious decisions by Defendant United States Small Business Administration ("SBA") and its Administrator to deny forgiveness of the Paycheck Protection Program ("PPP") loans issued to Plaintiffs under the Coronavirus Aid, Relief and Economic Security Act (the "CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020).  As explained herein, the SBA decisions at issue in this action were contrary to the plain meaning of the statutory provisions governing loan forgiveness and therefore were arbitrary, capricious, and contrary to law.

2.      The CARES Act established the PPP loan program in March 2020, as a key element of the U.S. government's effort to prevent widespread unemployment and financial hardship as a result of the Covid-19 pandemic.  The PPP loan program provides forgivable SBA-backed loans to help businesses keep their workforce employed during the COVID-19 pandemic.  The CARES Act makes loan forgiveness available to any recipient of a PPP loan.  The PPP Loan Program and PPP Loan Forgiveness Program are administered by the SBA and Administrator Casillas Guzman.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this is a civil action arising under the Constitution, laws, or treaties of the United States. This Court also has jurisdiction under 5 U.S.C. § 702, which authorizes judicial review of the agency action at issue in this action.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e)(1) and 5 U.S.C. § 703, because Plaintiffs reside in this judicial district and no real property is involved in this action.

5.      The SBA decisions at issue in this action became final on August 5, 2022, thirty (30) days after service of the decision on July 6, 2022.  13 C.F.R. § 134.1211(b).  Plaintiffs are entitled to judicial review of those final decisions denying loan forgiveness.   13 C.F.R. § 134.1211(g).

6.      This Court has authority to issue Plaintiffs appropriate declaratory relief under 28 U.S.C. § 2202.

## PARTIES

### A.  Plaintiffs

7.      Plaintiff SSCP is an S-Corp organized under the laws of Texas with its principal

place of business located at 13355 Noel Road, Suite 1645, Dallas, Texas 75240. SSCP is primarily engaged in the management of franchised restaurants operated by certain companies that are licensed to use the APPLEBEE'S® and SONIC® trademarks and another company, OS Pacific, LLC ("OS Pacific"). OS Pacific is the owner of the ROY'S® trademark and restaurant concept and also operates ROY'S® restaurants itself.

8.      Plaintiff ATHR is a Limited Liability Company organized under the laws of Texas with its principal place of business located at 13355 Noel Road, Suite 1645, Dallas, Texas 75240. ATHR is primarily engaged in the provision of payroll services to the following companies that are APPLEBEE'S® restaurant franchisees: Apple Cal, LLC; Apple Texas Restaurants, Inc.; and Apple Houston Restaurants, Inc.

**B. Defendants**

9.      Defendant United States Small Business Administration is an independent federal agency created and authorized pursuant to 15 U.S.C. § 633 *et seq.* Under the CARES Act, the SBA administers the PPP.

10.      Defendant Isabella Casillas Guzman is the Administrator of the SBA and is sued in her official capacity only. *See* 15 U.S.C. § 634(b)(1). Because she is the officer with final authority for administering the PPP within the SBA, Administrator Guzman is a proper defendant for this APA cause of action. 5 U.S.C. § 702.

## FACTUAL BACKGROUND

**A. The CARES Act's Statutory Framework for the PPP and Forgiveness of PPP Loans**

11.      The CARES Act, Pub. L. No. 116-136, established the PPP in March 2020, to provide desperately needed financial assistance to the nation's small businesses by providing

forgivable SBA-backed loans to help businesses keep their workforce employed during the COVID-19 pandemic.

12.    In establishing the PPP loan program, Congress intentionally crafted two separate CARES Act provisions to govern separate aspects of the program: (a) Section 1102 to govern eligibility for, and issuance of, PPP loans; and (b) Section 1106 establishing the rules that would govern the *forgiveness* of PPP loans that had been issued to borrowers under Section 1102.

13.    With respect to eligibility for and issuance of PPP loans, Section 1102 of the CARES Act contained its own definition of "eligible recipient" for purposes of that section, defining the term as "an individual or entity that is eligible to receive a covered loan."  CARES Act § 1102(a)(2); 15 U.S.C. § 636(a)(36)(A)(iv).  Section 1102 of the CARES Act defined "covered loan" as meaning "a loan made under this paragraph" between February 15, 2020 and June 30, 2020—*i.e.*, a PPP loan. CARES Act § 1102(a)(2); 15 U.S.C. § 636(a)(36)(A)(ii).

14.    As an expression of its particular concern about the impact of the pandemic on restaurants and franchised businesses, Congress explicitly provided for greater access to PPP loans for businesses that would otherwise be deemed "affiliates" of such entities under the normal application of the SBA's affiliation rules.  Congress did so by expressly exempting such businesses from the SBA's affiliation rules.

15.    In Section 1102(a)(2) of the CARES Act, Congress statutorily delegated the SBA's authority to make and approve PPP loans to any lender approved to make business loans under the SBA's Section 7(a) business loan program.  Specifically, Congress decreed: "For purposes of making covered loans for the purposes described in clause (i), a lender approved to make loans under this subsection [Section 7(a) of the Small Business Act] *shall be deemed to have been delegated authority by the Administrator to make and approve covered loans*, subject to the

provisions of this paragraph." 15 U.S.C. § 636(a)(36)(F)(ii)(I) (emphasis added). Congress also directed the SBA to extend the delegated authority to make and approve PPP loans "to additional lenders determined by the Administrator and the Secretary of the Treasury to have the necessary qualifications to process, close, disburse and service loans made with the guarantee of the Administration." 15 U.S.C. § 636(a)(36)(F)(iii).

16.    These provisions indicate that Congress intended that SBA-approved lenders would act with the authority of the SBA in making and approving PPP loans. The text of the CARES Act also indicates that Congress specifically contemplated that SBA-approved lenders would be authorized to make PPP *loan eligibility determinations* as part of their delegated authority to make and approve PPP loans: "In *evaluating the eligibility of a borrower for a covered loan*, the *lender* shall consider . . . ." 15 U.S.C. § 636(a)(36)(F)(ii)(II) (emphases added).

17.    Section 1102 of the CARES Act does not set forth the rules governing forgiveness of PPP loans that have been made and approved by SBA-approved lenders, under the authority statutorily delegated to them by Congress. Rather, Section 1106 of the CARES Act, codified at 15 U.S.C. § 635m, establishes the rules that the SBA must follow when determining whether to forgive a PPP loan that has already been issued to a borrower.

18.    Section 1106 includes its own set of definitions that apply specifically in the context of forgiveness of previously issued PPP loans. Congress made that plain by stating that, "[i]n this section" the defined terms have the meaning ascribed to them in Section 1106(a). Under basic principles of statutory construction, therefore the definitions in Section 1106(a)—not the definitions in Section 1102 or any other section of the CARES Act—supply the meaning the SBA *must* give to those defined terms used when applying the PPP loan forgiveness rules specified in Section 1106 of the CARES Act.

19.     Section 1106(a)(1) of the CARES Act defines a "covered loan" for purposes of the loan forgiveness provisions of the CARES Act as "a loan guaranteed under paragraph (36) of section 7(a) of the Small Business Act (15 U.S.C. 636(a)), as added by section 1102."  In other words, Section 1106(a)(1) of the CARES Act defines a "covered loan" as a PPP loan.  *See* 15 U.S.C. § 636m(a)(1).

20.     For purposes of PPP loan forgiveness, as set forth in the plain text of Section 1106(a)(6) of the CARES Act, "the term 'eligible recipient' means the recipient of a covered loan." 15 U.S.C. § 636m(a)(10).  Thus, the definition of "eligible recipient" *for purposes of PPP loan forgiveness* has nothing to do with the recipient's underlying eligibility to have received a PPP loan in the first place.  Rather, the only criterion to be considered an "eligible recipient" as that term is used in Section 1106 of the CARES Act and 15 U.S.C. § 636m is that the entity is the recipient of a PPP loan.

21.     Had Congress intended the SBA, in its loan forgiveness analysis, to reexamine the eligibility of a PPP loan recipient to have received the PPP loan in the first instance, Congress knew well precisely how to do so, as it could have simply repeated the definition it had used for "eligible recipient" in Section 1102 of the CARES Act.  Section 1102 of the CARES Act had defined "eligible recipient" as "an individual or entity that is eligible to receive a covered loan." 15 U.S.C. § 636(a)(36)(A)(iv).

22.     Section 1106(b) of the CARES Act makes loan forgiveness available to any "eligible recipient."  In particular, Section 1106(b) states: "An eligible recipient *shall be eligible for forgiveness of indebtedness on a covered loan . . . .*"  15 U.S.C. § 636(m)(b) (emphasis added).

23.     In short, under the plan text of the CARES Act, *any recipient* of a PPP loan "*shall be eligible* for forgiveness" of the loan amount, as provided in Section 1106.  Thus, when

determining the amount of loan forgiveness to which a PPP borrower is entitled, the SBA is statutorily precluded from engaging in an *ex post facto* reexamination of the borrower's eligibility to have received a PPP loan in the first instance. The only relevant considerations are whether and to what extent the borrower's expenditure of the PPP loan proceeds comport with the requirements for loan forgiveness as set forth in Section 1106(b) of the CARES Act and codified at 15 U.S.C. § 636m.

### B. SSCP's Application for and Receipt of a PPP Loan in April 2020

24. On April 3, 2020, SSCP applied for a PPP loan under the CARES Act through an SBA-approved lender, Veritex Community Bank (the "Lender"). SSCP applied using the SBA Form 2483, titled PPP Borrower Application Form, seeking a PPP loan in the amount of $496,743 for use on payroll, lease/mortgage interest, and/or utilities. As part of that PPP loan application, SSCP certified that it "is eligible to receive a loan *under the rules in effect at the time this application is submitted* that have been issued by the Small Business Administration (SBA) implementing the Paycheck Protection Program under Division A, Title I of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) (the Paycheck Protection Program Rule)."

25. As of the date of SSCP's April 3, 2020 certification of eligibility, there were <u>no</u> SBA rules in effect implementing the PPP, as the first interim final rules issued by the SBA became effective on April 15, 2020, as reflected in their Federal Register publications. *See* Interim Final Rule 1, 85 Fed. Reg. 20811 (April 15, 2020) ("*Effective date:* This interim final rule is effective April 15, 2020"); Interim Final Rule on Applicable Affiliation Rules, 85 Fed. Reg. 20817 (April 15, 2020) ("*Effective date:* This interim final rule is effective April 15, 2020").

26. SSCP provided all required information and documentation to the Lender as part of its PPP Loan Application. In its application, SSCP disclosed that it had only twenty-four (24)

employees in its own right, and further disclosed common ownership (identifying several of them as "Companies that Operate Restaurants").

27.     But for the loan forgiveness provisions of the PPP loan program, SSCP would not have applied for a PPP loan in the first place.  At the time, however, SSCP faced the "economic necessity" for a PPP loan contemplated by the CARES Act and therefore applied. In doing so, SSCP reasonably relied upon the language of the statute, including Section 1106(a)(1), Section 1106(a)(6), and Section 1106(b) of the CARES Act.

28.     The Lender, pursuant to its statutorily delegated authority to make and approve PPP loans on behalf of the SBA, 15 U.S.C. § 636(a)(36)(F)(ii), determined SSCP to be eligible for a PPP loan under Section 1102 of the CARES Act and, on April 7, 2020, approved SSCP's application for a PPP loan in the amount of $496,742.00.

29.     On April 17, 2020, the Lender disbursed SSCP's PPP loan in the amount of $496,742.00.  The SBA assigned a PPP loan number of 6523467010 to SSCP's PPP loan.  SSCP proceeded to expend the proceeds of its PPP loan on expenses designated as eligible for forgiveness under Section 1106 of the CARES Act and 15 U.S.C. § 636m.

**C. ATHR's Application for and Receipt of a PPP Loan in April 2020**

30.     On April 3, 2020, ATHR applied for a PPP loan under the CARES Act, through the Lender, an SBA-approved lender.  ATHR applied using the SBA Form 2483, titled PPP Borrower Application Form, seeking a PPP loan in the amount of $302,197 for use on payroll, lease/mortgage interest, and/or utilities.  As part of that PPP loan application, ATHR certified that it "is eligible to receive a loan *under the rules in effect at the time this application is submitted* that have been issued by the Small Business Administration (SBA) implementing the Paycheck Protection Program under Division A, Title I of the Coronavirus Aid, Relief, and Economic

Security Act (CARES Act) (the Paycheck Protection Program Rule)."

31.    As of the date of ATHR's April 3, 2020 certification of eligibility, there were _no_ SBA rules in effect implementing the PPP, as the first interim final rules issued by the SBA became effective on April 15, 2020, as reflected in their Federal Register publications. *See* Interim Final Rule 1, 85 Fed. Reg. 20811 (April 15, 2020) ("*Effective date:* This interim final rule is effective April 15, 2020"); Interim Final Rule on Applicable Affiliation Rules, 85 Fed. Reg. 20817 (April 15, 2020) ("*Effective date:* This interim final rule is effective April 15, 2020").

32.    ATHR provided all required information and documentation to the Lender as part of its PPP Loan Application.  In its application, ATHR disclosed that it had only sixteen (16) employees in its own right, and further disclosed common ownership (identifying several of them as "Companies that Operate Restaurants").

33.    But for the loan forgiveness provisions of the PPP loan program, ATHR would not have applied for a PPP loan in the first place.  At the time, however, ATHR faced the "economic necessity" for a PPP loan contemplated by the CARES Act and therefore applied. In doing so, ATHR reasonably relied upon the language of the statute, including Section 1106(a)(1), Section 1106(a)(6), and Section 1106(b) of the CARES Act.

34.    The Lender, pursuant to its statutorily delegated authority to make and approve PPP loans on behalf of the SBA, 15 U.S.C. § 636(a)(36)(F)(ii), determined ATHR to be eligible for a PPP loan under Section 1102 of the CARES Act and, on April 7, 2020, approved ATHR's application for a PPP loan in the amount of $302,197.00.

35.    On April 14, 2020, the Lender disbursed ATHR's PPP loan in the amount of $302,197.00.  The SBA assigned a PPP loan number of 6517827004 to ATHR's PPP loan.  ATHR

proceeded to expend the proceeds of its PPP loan on expenses designated as eligible for forgiveness under Section 1106 of the CARES Act and 15 U.S.C. § 636m.

**D.  SSCP's Application for PPP Loan Forgiveness**

36.     On December 16, 2020, SSCP executed a PPP Loan Forgiveness Application on SBA Form 3508EZ, requesting forgiveness of the full amount of its PPP loan.  On January 8, 2021, SSCP executed a second PPP Loan Forgiveness Application on SBA Form 3508EZ, again requesting forgiveness of the full amount of its PPP loan.  In applying for forgiveness of its PPP loan, SSCP provided supporting documentation to establish that it had spent the loan proceeds on expenses eligible for forgiveness under Section 1106 of the CARES Act and 15 U.S.C. § 636m.

37.     The Lender reviewed the documentation submitted by SSCP, determined that it warranted forgiveness of SSCP's PPP loan in the full amount of $496,742.00, and forwarded SSCP's PPP Loan Forgiveness Application to the SBA with a recommendation of forgiveness of the entire loan amount.

38.     After the Lender forwarded SSCP's loan forgiveness application to the SBA for review, the SBA began to demand additional information about "affiliates" of SSCP.  On July 21, 2021, the SBA demanded that SSCP complete an SBA Form 3511, Affiliation Worksheet, providing additional information about the companies SSCP had disclosed in its April 3, 2020 PPP loan application as being under common ownership with SSCP and their respective employee counts as of the date of SSCP's PPP loan application.  SSCP timely responded to this SBA request by submitting a completed SBA Form 3511 on August 4, 2021.  SSCP's completed Form 3511 listed all of the companies under common ownership with SSCP, including ATHR.

39.      In an Addendum A to its SBA Form 3511, SSCP identified itself and ATHR as "Marketing and Executive Management Companies" whose primary industry was "NAICS Code

561110." NAICS Code 561110, Office Administrative Services, comprises establishments primarily engaged in providing a range of day-to-day office administrative services for others on a contract or fee basis. SSCP had 24 employees, and ATHR had 15 employees as of the date of their PPP loan applications.

40.     The only companies other than SSCP and ATHR identified on the Addendum A to the SBA Form 3511 as having employees were listed under a category titled, "Companies That Operate Restaurants – NAICS Code 722511." The companies in the Full-Service Restaurant NAICS code that had employees as of the date of SSCP's PPP loan application were: (i) OS Pacific, LLC; (ii) Let's Shake, LLC; (iii) Apple Cal, LLC; (iv) Apple Texas Restaurants, Inc.; and (v) Apple Houston Restaurants. Collectively, these five Companies That Operate Restaurants had 5,291 employees, but none employed more than 500 employees in a single location.

41.     On February 3, 2022, the SBA denied SSCP's Loan Forgiveness Application in a Final SBA Loan Review Decision, refusing to approve any amount of forgiveness of SSCP's PPP loan. A copy of the Final SBA Loan Review Decision for SSCP is attached as **Exhibit A**. The sole basis of the SBA's decision to deny SSCP loan forgiveness was an *ex post facto* determination that SSCP was ineligible for the PPP loan, based on purported affiliation of SSCP with the restaurant companies:

> SBA has determined that the borrower was ineligible for the PPP loan. The reason(s) for SBA's decision is as follows:
>
> After review of the documentation provided, the SBA concludes the Borrower business, or together with its affiliates, exceeds the maximum allowable number of employees and the SBA small business size standards.

42.     On February 8, 2022, the Lender provided SSCP a copy of the Final SBA Loan Review Decision, triggering a thirty-day period for SSCP to appeal that decision to the SBA's Office of Hearings and Appeals ("OHA"). 13 C.F.R. § 134.1202(a). SSCP exercised its right

under 13 C.F.R. § 134.1201(b) to appeal the Final SBA Loan Review Decision and submitted a timely appeal at OHA on March 4, 2022, challenging the SBA's decision denying loan forgiveness based on the *ex post facto* ineligibility determination.

### E.  ATHR's Application for PPP Loan Forgiveness

43.    On December 8, 2020, ATHR submitted its complete PPP Loan Forgiveness Application on SBA Form 3508EZ, requesting forgiveness of the full amount of its PPP loan.  In applying for forgiveness of its PPP loan, ATHR provided supporting documentation to establish that it had spent the loan proceeds on expenses eligible for forgiveness under Section 1106 of the CARES Act and 15 U.S.C. § 636m.

44.    The Lender reviewed the documentation submitted by ATHR, determined that it warranted forgiveness of ATHR's PPP loan in the full amount of $302,197.00, and forwarded ATHR's PPP Loan Forgiveness Application to the SBA with a recommendation of forgiveness of the entire loan amount.

45.    After the Lender forwarded ATHR's loan forgiveness application to the SBA for review, the SBA began to demand additional information about "affiliates" of ATHR.  ATHR provided the same information regarding companies under common ownership as SSCP provided in response to the same inquiry from the SBA.  ATHR submitted a completed SBA Form 3511 with an Addendum A listing all of the companies under common ownership with ATHR, including SSCP.

46.    ATHR provided the same information about its potential "affiliates" as SSCP provided.  Namely, ATHR identified itself as having a primary industry code of 561110, and identified a number of "Companies That Operate Restaurants" that have a primary industry NAICS code of 722511.  The only company other than ATHR that had an employee count—aside from

the restaurant companies with NAICS codes of 722511—was SSCP. The combined employee count of SSCP and ATHR was only thirty-nine (39) employees.

47. On February 9, 2022, the SBA denied ATHR's Loan Forgiveness Application in a Final SBA Loan Review Decision, refusing to approve any amount of forgiveness of ATHR's PPP loan. A copy of the Final SBA Loan Review Decision for ATHR is attached as **Exhibit B**. The sole basis of the SBA's decision to deny ATHR loan forgiveness was an *ex post facto* determination that ATHR was ineligible for the PPP loan, based on purported affiliation of ATHR with the restaurant companies:

> SBA has determined that the borrower was ineligible for the PPP loan. The reason(s) for SBA's decision is as follows:
>
> After review of the documentation provided, the SBA concludes the Borrower business, or together with its affiliates, exceeds the maximum allowable number of employees and the SBA small business size standards.

48. On February 9, 2022, the Lender provided ATHR a copy of the Final SBA Loan Review Decision, triggering a thirty-day period for ATHR to appeal that decision to OHA. 13 C.F.R. § 134.1202(a). ATHR exercised its right under 13 C.F.R. § 134.1201(b) to appeal the Final SBA Loan Review Decision and submitted a timely appeal at OHA on March 4, 2022, challenging the SBA's decision denying loan forgiveness based on the *ex post facto* ineligibility determination.

## F. SSCP's and ATHR's OHA Appeals and Final SBA Decision Denying PPP Loan Forgiveness

49. SSCP and ATHR filed a joint appeal at OHA, which OHA docketed as two separate appeals, Docket No. PPP-6523467010 for SSCP and Docket No. PPP-6517827004 for ATHR. In their joint appeal of their respective Final SBA Loan Review Decisions, SSCP and ATHR challenged the SBA's decision, raising among other arguments, the plain text of Section 1106 of the CARES Act (as codified at 15 U.S.C. § 636m), SSCP and ATHR challenged the SBA's legal

authority under the CARES Act to disqualify a borrower for loan forgiveness based on an *ex post facto* reexamination of the borrower's eligibility to have received a PPP loan in the first instance. SSCP and ATHR pointed out that Section 1106 of the CARES Act defines "eligible recipient" for purposes of PPP loan forgiveness as "the recipient of" a PPP loan—full-stop. Accordingly, SSCP and ATHR pointed out that the plain text of Section 1106 of the CARES Act states that *any* recipient of a PPP loan "*shall be eligible for forgiveness*" provided the recipient expends the PPP loan proceeds in a manner consistent with the rules governing loan forgiveness. The SBA has no statutory authority under Section 1106 of the CARES Act to engage in an *ex post facto* eligibility determination as part of its loan forgiveness analysis—and in fact is statutorily *precluded* from doing so.

50.     The SBA responded to the appeals on July 5, 2022, defending the SBA's decision to deny loan forgiveness based on its *ex post facto* ineligibility determination. Remarkably, the SBA cited Congress's use of the term "eligible recipient" in Section 1106(b) of the CARES Act to defend its authority to perform *ex post facto* determinations of a borrower's eligibility to have received a PPP loan as part of the loan forgiveness process: "The CARES Act and SBA regulations make clear that ineligible borrowers would not receive loan forgiveness under the CARES Act. *See* e.g. CARES Act § 1106(b), 134 Stat. at 298 (codified at 15 U.S.C. § 636(b) [*sic*] 'An eligible recipient shall be eligible for forgiveness . . . .)[.]'" Based on the quotation provided, the SBA intended to cite to 15 U.S.C. § 636m(b), the statutory section specifically addressing forgiveness of PPP loans.

51.     In doing so, the SBA ignored that Congress imposed a different definition of "eligible recipient" the SBA is obligated to apply for the purposes of loan forgiveness under 15 U.S.C. § 636m, than the definition of "eligible recipient" for purposes of issuing a PPP loan in the

first instance under 15 U.S.C. § 636(a)(36).  Congress defined "eligible recipient" for purposes of PPP loan forgiveness as "the recipient of a covered loan"—*i.e.*, a PPP loan.  The SBA's response ignored that specific statutory definition of "eligible recipient" in 15 U.S.C. § 636m(a)(10). Instead, the SBA response indicates that the SBA is seeking to apply to the loan forgiveness process the definition of "eligible recipient" found in an entirely different statutory section, 15 U.S.C. § 636(a)(36)(A)(iv).

52.  On July 6, 2022, OHA issued decisions denying SSCP's and ATHR's appeals of their respective Final SBA Loan Review Decisions.  A copy of the OHA decision denying SSCP's appeal is attached as **Exhibit C**.  A copy of the OHA decision denying ATHR's appeal is attached as **Exhibit D**.

53.  In its decisions denying SSCP's and ATHR's appeals, the OHA administrative judge essentially adopted SBA's response filed the day before, incorporating multi-page block quotes from the SBA response into the decisions.  Other than incorporating a direct quote from the SBA's response that invoked the reference to "eligible recipient" in Section 1106(b) of the CARES Act, the OHA decision did not address the statutory argument raised by SSCP and ATHR that the definition of "eligible recipient" in 15 U.S.C. § 636m(a)(10) precludes the SBA from making an *ex post facto* determination of ineligibility to have received a PPP loan as part of the loan forgiveness process.

54.  OHA denied SSCP's appeal of SBA's Final Loan Forgiveness Decision on July 6, 2022, arbitrarily and capriciously finding that SBA correctly determined that SSCP, together with its affiliates, exceed the applicable size standards and, thus, was ineligible for PPP loan forgiveness because it should not have received a PPP loan.

55.     No request for reconsideration of OHA's July 6, 2022 decisions was filed.  Nor did the SBA Administrator decide to review or reverse the July 6, 2022 OHA decisions denying SSCP's and ATHR's appeals.   Therefore, according to the SBA's regulations governing forgiveness of PPP loans, the July 6, 2022 OHA decisions became final decisions of the SBA subject to appeal to federal district court as of August 5, 2022.  13 C.F.R. § 134.1211(b).

56.     Final decisions of the SBA regarding PPP loan forgiveness are subject to judicial review under the APA.  13 C.F.R. § 134.1211(g).

## CLAIMS FOR RELIEF

57.     The courts recognize a strong presumption favoring judicial review of administrative action.

58.     The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."  5 U.S.C. § 702.

59.     The APA provides that "final agency action for which there is no other adequate remedy in a court" is "subject to judicial review."  5 U.S.C. § 704.

60.     The APA provides that courts will "hold unlawful and set aside" agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "unsupported by substantial evidence."  5 U.S.C. § 706(2)(A) and (E), respectively.

61.     The SBA is an "agency" whose final actions are reviewable under the APA.

## COUNT I – SBA'S DENIAL OF LOAN FORGIVENESS IS ARBITRARY, CAPRICIOUS, CONTRARY TO LAW, AND IN EXCESS OF THE SBA'S STATUTORY AUTHORITY

62.     Plaintiffs re-allege and incorporate by reference each of the foregoing paragraphs as though fully set forth herein.

63.    The APA authorizes this Court to "hold unlawful and set aside agency action . . . found to be . . . arbitrary, capricious, . . . or otherwise not in accordance with the law" or "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." 5 U.S.C. § 706(2)(A), (C).

64.    Sections 1106(a)(1), Section 1106(a)(6), and Section 1106(b) of the CARES Act clearly state that the Plaintiffs, as recipients of PPP loans, are eligible for loan forgiveness. Moreover, those provisions also operate to deprive the SBA of authority to make *ex post facto* reassessments of Plaintiffs' eligibility to have received a PPP loan as part of the process of evaluating whether Plaintiffs' expenditures of the PPP loan proceeds satisfy the statutory criteria for loan forgiveness.

65.    Section 1106(b) of the CARES Act makes loan forgiveness available to any "eligible recipient."  Specifically, Section 1106(b) states: "An eligible recipient *shall be eligible for forgiveness of indebtedness on a covered loan . . . .*" 15 U.S.C. § 636(m)(b) (emphasis added).

66.    For purposes of the loan forgiveness provisions of the CARES Act, the Act defines an "eligible recipient" as "the recipient of a covered loan." 15 U.S.C. § 636m(a)(10).

67.    A "covered loan" under the loan forgiveness provisions of the CARES Act is "a loan guaranteed under paragraph (36) of section 7(a) of the Small Business Act (15 U.S.C. 636(a)), as added by section 1102." 15 U.S.C. § 636m(a)(1).  In other words, Section 1106(a)(1) of the CARES Act defines a "covered loan" as a PPP loan.

68.    As such, under the plain text of the CARES Act, any recipient of a PPP loan "shall be eligible for forgiveness" of the loan amount, as provided in Section 1106.

69.    The definition of "eligible recipient" at 15 U.S.C. § 636m(a)(10), by its plain text, does not authorize the PPP to engage in an assessment of the recipient's underlying eligibility to

have received the PPP loan when determining the amount of loan forgiveness to which the loan recipient is entitled. Recognizing the inherent unfairness of an *ex post facto* ineligibility determination after the recipient has already spent the loan proceeds on the very expenses Congress intended PPP loans to support, Congress restricted the SBA's loan forgiveness analysis to an examination of how the recipient of a PPP loan expended the loan proceeds and whether the recipient complied with the rules for forgiveness set out in 15 U.S.C. § 636m.

70.    Had Congress intended the SBA to scrutinize a PPP loan recipient's eligibility to have received the PPP loan as part of the loan forgiveness process, Congress would have simply used the same definition of "eligible recipient" in Section 1106 of the CARES Act as it had used in Section 1102 of the CARES Act. In Section 1102, Congress defined the term "eligible recipient" to mean "an individual or entity *that is eligible to receive* a covered loan." 15 U.S.C. § 36(A)(iv) (emphasis added). That definition contemplates an inquiry into the entity's underlying eligibility to receive a PPP loan. Had Congress intended that definition of "eligible recipient" to apply in the context of PPP loan forgiveness, it clearly knew how to articulate that definition and would have included it verbatim in Section 1106 of the CARES Act. But Congress did not do so.

71.    Instead, Congress intentionally crafted a *different* definition of the term "eligible recipient" that it decreed would apply "[i]n this section"—the section of the CARES Act specifically governing PPP loan forgiveness. 15 U.S.C. § 636m(a). The SBA decisions to deny loan forgiveness to SSCP and ATHR ignore the distinction Congress carefully and intentionally drew between (i) eligibility for a PPP loan in the first instance, which could be considered when determining whether to make a PPP loan to a prospective borrower, and (ii) eligibility for PPP loan forgiveness, in which case the only relevant considerations were whether the recipient had received a PPP loan and spent the proceeds in the manner approved by Congress.

72.     The Plaintiffs are recipients of a PPP loan.  The SBA does not and cannot dispute that each Plaintiff is a recipient of a PPP loan.  Accordingly, both Plaintiffs are "eligible recipients" for the purposes of the loan forgiveness provisions of 15 U.S.C. § 636m and therefore eligible for forgiveness of indebtedness under their respective PPP loans.

73.     Plaintiffs submitted documentation with their loan forgiveness applications establishing that they expended the proceeds of their respective PPP loans in a manner that would entitle them to loan forgiveness of the entire amount of their respective loans, under the loan forgiveness rules Congress set out in 15 U.S.C. § 636m.  The Lender reviewed that information and documentation, determined that it warranted full loan forgiveness, and forwarded Plaintiffs' loan forgiveness applications to the SBA with a recommendation that the full amounts of their Plaintiffs' respective PPP loans be forgiven.

74.     The SBA decision to deny Plaintiffs forgiveness of any amount of their respective PPP loans is based solely on the SBA's *ex post facto* determination—performed as part of the loan forgiveness process—that the Plaintiffs should not have received PPP loans.  The SBA decision to deny loan forgiveness rests entirely on the SBA's February 2022 determination that neither SSCP nor ATHR was eligible under Section 1102 of the CARES Act to have received the PPP loans that were made and approved by the Lender in April 2020.

75.     The SBA's decision to deny loan forgiveness to the Plaintiffs based on an *ex post facto* ineligibility determination is arbitrary, capricious, contrary to law, and in excess of the SBA's statutory authority.  5 U.S.C. § 706(2)(A), (C).

76.      It is a fundamental precept of statutory interpretation that the words in a statute must be given their plain and unambiguous meaning.  The SBA lacks the authority to contradict the unambiguous language of the CARES Act in the SBA's implementation of the PPP loan

forgiveness program.  To the extent the SBA contends that it has issued regulations implementing the PPP that purport to authorize the SBA to deny forgiveness of PPP loans based on an *ex post facto* determination performed during the loan forgiveness process that the borrower was not eligible to have received a PPP loan in the first instance, such regulations are invalid and have no legal effect.  An agency cannot validly adopt or enforce regulations that contradict the clear and unambiguous language of the statute the regulations purport to implement.

77.    The SBA's interpretation of an eligible recipient for purposes of loan forgiveness as anything but "any recipient of a covered loan" violates the unambiguous language of the CARES Act by purporting to impose additional barriers to PPP loan forgiveness that the Act does not contemplate.  The intent of Congress is clear based on its selection of a different definition of "eligible recipient" specific to PPP loan forgiveness, and any loan forgiveness decision based on an interpretation that is contrary to law is inherently arbitrary and capricious.

78.    The APA authorizes this Court to "hold unlawful and set aside agency action . . . found to be . . . arbitrary, capricious, . . . or otherwise not in accordance with the law" or "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right."  5 U.S.C. § 706(2)(A), (C).

79.    As the SBA's interpretation of Section 1106(a)(1), Section 1106(a)(6), and Section 1106(b) of the CARES Act, and the SBA's related denial of loan forgiveness to Plaintiffs is arbitrary, capricious, and contrary to law, this Court should declare (i) Plaintiffs eligible for loan forgiveness under the plain and unambiguous meaning of 15 U.S.C. § 636m; and (ii) the SBA decisions denying loan forgiveness to Plaintiffs to be arbitrary, capricious, and contrary to law. The Court should vacate the SBA decisions denying Plaintiffs' loan forgiveness and remand this

matter to the SBA to render new final loan review decisions based on Plaintiffs' eligibility to receive loan forgiveness under the statute.

## PRAYER FOR RELIEF

For the foregoing reasons, SSCP and ATHR respectfully requests that this Court:

a.   Declare that the SBA's decisions denying loan forgiveness to Plaintiffs under 15 U.S.C. § 636m are arbitrary, capricious, contrary to law, and in excess of the SBA's statutory authority under the CARES Act;

b.   Declare that any SBA regulations, rules, procedures or guidance purporting to authorize the performance of an *ex post facto* eligibility determination as part of the PPP loan forgiveness process are arbitrary, capricious, contrary to law, in excess of the SBA's statutory authority, and in violation of the Administrative Procedure Act;

c.   Hold unlawful, vacate, and set aside the SBA's decisions denying loan forgiveness to Plaintiffs and any SBA regulations, rules, procedures or guidance purporting to authorize the performance of an *ex post facto* eligibility determination as part of the PPP loan forgiveness process;

d.   Remand this matter to the SBA with instructions to issue new final loan forgiveness decisions that are based on Plaintiffs being eligible for loan forgiveness as recipients of PPP loans, in accordance with the plain and unambiguous language of 15 U.S.C. § 636m;

e.   Award costs and reasonable attorney fees to the extent permitted by law; and

f.   Grant such other relief as this Court may deem just and proper.

Dated:  December 15, 2022                     Respectfully submitted,


                                              */s/Peter Loh*
                                              Peter Loh
                                              Texas Bar No. 24036982
                                              ploh@foley.com
                                              David G. Cabrales
                                              dcabrales@foley.com
                                              Texas Bar No. 00787179
                                              Brandon C. Marx
                                              Texas Bar No. 24098046
                                              bmarx@foley.com
                                              Foley & Lardner LLP
                                              2021 McKinney Avenue
                                              Suite 1600
                                              Dallas, Texas 75201
                                              (214) 999-3000
                                              (214) 999-4667 (Facsimile)

                                              **Attorneys for SSCP Management, Inc. and
                                              ATHR Management Company, LLC**