IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

| | |
|---|---|
| SSCP AUTO MANAGEMENT, INC.; and ATHR MANAGEMENT COMPANY, INC., <br><br>  Plaintiffs, <br><br> v. <br><br><br> UNITED STATES SMALL BUSINESS ADMINISTRATION; ISABELLA CASILLAS GUZMAN, in her official capacity as Administrator of the Small Business Administration, <br><br>  Defendants. | Civil Action No. 3:22-CV-02807-X |

# DEFENDANTS' ANSWER

Defendants United States Small Business Administration ("SBA"), Isabella Casillas Guzman, in her official capacity as Administrator of the SBA, Janet Yellen, in her official capacity as Secretary of the Treasury of the United States, and the United States of America (collectively, "Defendants"), answer the Complaint (ECF No. 1) of plaintiffs SSCP Auto Management, INC., *et al.* (collectively, "Plaintiffs") as follows:

**Defendants' Answer – Page 1**

## NATURE OF THE ACTION

1. Paragraph 1 of the Complaint contains legal conclusions that do not require a response from Defendants. To the extent that a response is required, Defendants do not dispute that Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 13 Stat. 28 (2020), and that the purpose of the CARES Act can be found in the Act. Defendants admit that Plaintiff purports to bring an action under the Administrative Procedures Act. Defendants deny any remaining allegations in Paragraph 1.

2. Paragraph 2 of the Complaint contains legal conclusions that do not require a response from Defendants. To the extent that a response is required, Defendants do not dispute that Congress passed the CARES Act and created the Paycheck Protection Program ("PPP"), and that the purpose and administration of the PPP can be found in the legislation. Defendants deny any remaining allegations in Paragraph 2.

## JURISDICTION AND VENUE

3. Paragraph 3 states a conclusion of law, to which no response is required. To the extent that a response is required, Defendants do not challenge subject matter jurisdiction. Defendants deny any remaining allegations in Paragraph 3.

4. Paragraph 4 states a conclusion of law, to which no response is required. To the extent that a response is required, Defendants do not challenge venue. Defendants deny any remaining allegations in Paragraph 4.

5. Paragraph 5 of the Complaint contains legal conclusions that do not require a response from Defendants. To the extent that a response is required, Defendants admit that the U.S. Small Business Administration's Office of Hearing and Appeals issued a

decision in PPP Loan Nos. 6523467010 and 6517827004 on July 6, 2022. Defendants deny any remaining allegations in Paragraph 5.

6. Paragraph 6 states a conclusion of law, to which no response is required. Defendants deny any remaining allegations in Paragraph 6.

## PARTIES

### A. Plaintiffs

7. Regarding the allegations in Paragraph 7, Defendants are without knowledge or information sufficient to form a belief as to the characterization of Plaintiff SSCP Auto Management, Inc. and, therefore, deny the same.

8. Regarding the allegations in Paragraph 8, Defendants are without knowledge or information sufficient to form a belief as to the characterization of Plaintiff ATHR Management, Company, Inc. and, therefore, deny the same.

### B. Defendants

9. Paragraph 9 of the Complaint contains legal conclusions that do not require a response from Defendants. To the extent that a response is required, Defendants admit that the U.S. Small Business Administration was created by the Small Business Investment Act, 15 U.S.C. §633 et. seq and that Congress passed the CARES Act, 15 U.S.C. §636 (a)(36). Defendants deny any remaining allegations in Paragraph 9.

10. Paragraph 10 of the Complaint contains legal conclusions that do not require a response from Defendants. To the extent that a response is required, Defendants admit that Defendant Isabella Casillas Guzman is the current Administrator of the U.S. Small Business Administration. Defendants deny any remaining allegations in Paragraph 10.

**Defendants' Answer – Page 3**

# FACTUAL ALLEGATIONS

## A. The CARES Act's Statutory Framework for the PPP and Forgiveness of PPP Loans

11. Paragraph 11 of the Complaint contains legal conclusions that do not require a response from Defendants. To the extent that a response is required, Defendants do not dispute that Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 123 Stat. 28 (2020), and that the purpose of the CARES Act can be found in the Act. Defendants deny any remaining allegations in Paragraph 11.

12. Paragraph 12 of the Complaint contains legal conclusions and Plaintiffs' characterization of the CARES Act that do not require a response from Defendants. To the extent that a response is required, Defendants deny the allegations in Paragraph 12.

13. Paragraph 13 of the Complaint contains legal conclusions and Plaintiffs' characterization of the CARES Act that do not require a response from Defendants. To the extent that a response is required, Defendants deny the allegations in Paragraph 13.

14. Paragraph 14 of the Complaint contains legal conclusions and Plaintiffs' characterization of the CARES Act that do not require a response from Defendants. To the extent that a response is required, Defendants deny any the allegations in Paragraph 14.

15. Paragraph 15 of the Complaint contains legal conclusions and Plaintiffs' characterization of the CARES Act that do not require a response from Defendants. To the extent that a response is required, Defendants deny the allegations in Paragraph 15.

16. Paragraph 16 of the Complaint contains legal conclusions and Plaintiffs' characterization of the CARES Act that do not require a response from Defendants. To the extent that a response is required, Defendants deny the allegations in Paragraph 16.

17. Paragraph 17 of the Complaint contains legal conclusions and Plaintiffs' characterization of the CARES Act that do not require a response from Defendants. To the extent that a response is required, Defendants deny the allegations in Paragraph 17.

18. Paragraph 18 of the Complaint contains legal conclusions and Plaintiffs' characterization of the CARES Act that do not require a response from Defendants. To the extent that a response is required, Defendants deny the allegations in Paragraph 18

19. Paragraph 19 of the Complaint contains legal conclusions and Plaintiffs' characterization of the CARES Act that do not require a response from Defendants. To the extent that a response is required, Defendants deny the allegations in Paragraph 19.

20.  Paragraph 20 of the Complaint contains legal conclusions and Plaintiffs' characterization of the CARES Act that do not require a response from Defendants. To the extent that a response is required, Defendants deny the allegations in Paragraph 20.

21. Paragraph 21 of the Complaint contains legal conclusions and Plaintiffs' characterization of the CARES Act that do not require a response from Defendants. To the extent that a response is required, Defendants deny the allegations in Paragraph 21.

22. Paragraph 22 of the Complaint contains legal conclusions and Plaintiffs' characterization of the CARES Act that do not require a response from Defendants.

To the extent that a response is required, Defendants deny the allegations in Paragraph 22.

23. Paragraph 23 of the Complaint contains legal conclusions and Plaintiffs' characterization of the CARES Act that do not require a response from Defendants. To the extent that a response is required, Defendants deny the allegations in Paragraph 23.

### B. SSCP's Application for and Receipt of a PPP Loan in April 2020

24. Regarding Paragraph 24, Defendants admit that Plaintiff, SSCP Auto Management, Inc., applied for and received a PPP loan in the amount of $496,742.00 and aver that Plaintiff's PPP Application, Form 2483, speaks for itself. Defendants deny the remaining allegations in paragraph 24.

25. Regarding paragraph 25, Defendants admit that, on or about April 2, 2020, SBA provided notice of an Interim Final Rule (hereinafter "IFR") published at 85 F.R. 20811 (April 15, 2020). The remainder of paragraph 25 contains legal conclusions that do not require a response from Defendants. To the extent that a response is required, Defendants state that the IFR speaks for itself. Defendants deny any remaining allegations in Paragraph 25.

26. Regarding the allegations in Paragraph 26, Defendants are without knowledge or information sufficient to form a belief as to the characterization of Plaintiff SSCP Auto Management, Inc.'s communications with its lender and therefore deny the same.

27. Regarding the allegations in Paragraph 27, Defendants are without knowledge or information sufficient to form a belief as to the characterization of Plaintiff SSCP Auto Management, Inc.'s purported actions and therefore deny the same.

28. Paragraph 28 of the Complaint contains legal conclusions and characterizations of the CARES Act that do not require a response from Defendants. To the extent that a response is required, Defendants admit that Plaintiff SSCP Auto Management, Inc. received a PPP loan in the amount of $496,742.00 deny the remaining allegations in Paragraph 28.

29. Defendants admit that Plaintiff SSCP Auto Management, Inc. received a PPP loan in the amount of $496,742.00 that was assigned PPP loan number 6523467010. Regarding the additional allegations in Paragraph 29, Defendants are without knowledge or information sufficient to form a belief as how Plaintiff expended its PPP loan proceeds and therefore, deny the same.

### C.  ATHR's Application for and Receipt of a PPP Loan in April 2020

30. Regarding Paragraph 30, Defendants admit that Plaintiff, ATHR Management Company, Inc., applied for and received a PPP loan in the amount of $302,197.00 and aver that Plaintiff's PPP Application, Form 2483, speaks for itself.  Defendants deny the remaining allegations in paragraph 30.

31. Regarding Paragraph 31, Defendants admit that, on or about April 2, 2020, SBA provided notice of an Interim Final Rule (hereinafter "IFR") published at 85 F.R. 20811 (April 15, 2020).  The remainder of Paragraph 31 contains legal conclusions that do not require a response from Defendants.  To the extent that a response is required, Defendants state that the IFR speaks for itself and deny the remaining allegations in Paragraph 31.

32. Regarding the allegations in Paragraph 32, Defendants are without knowledge or information sufficient to form a belief as to the characterization of Plaintiff ATHR Management Company, Inc.'s communications with its lender and therefore deny the same.

33. Regarding the allegations in Paragraph 33, Defendants are without knowledge or information sufficient to form a belief as to the characterization of Plaintiff ATHR Management, Company Inc.'s purported actions and therefore deny the same.

34. Paragraph 34 of the Complaint contains legal conclusions and characterizations of the CARES Act that do not require a response from Defendants. To the extent that a response is required, Defendants admit that Plaintiff ATHR Management Company, Inc. received a PPP loan in the amount of $302,197.00 and deny the remaining allegations in Paragraph 34.

35. Defendants admit that Plaintiff ATHR Management Company, Inc. received a PPP loan in the amount of $302,197.00 that was assigned PPP loan number 6517827004. Regarding the additional allegations in Paragraph 35, Defendants are without knowledge or information sufficient to form a belief as how Plaintiff expended its PPP loan proceeds and therefore, deny the same.

### D. SSCP's Application for PPP Loan Forgiveness

36. Regarding the allegations in Paragraph 36, Defendants admit that Plaintiff SSCP Auto Management, Inc. applied for forgiveness of its PPP loan and aver that Plaintiff's forgiveness application, Form 3508, speaks for itself. Regarding the remaining allegations in Paragraph 36, Defendants are without knowledge or information sufficient to form a belief as to what documentation was provided by Plaintiff SSCP Auto Management, Inc. to its lender at the time the PPP loan forgiveness application was submitted and therefore deny the same.

37. Regarding the allegations in Paragraph 37, Defendants admit that Plaintiff SSCP Auto Management, Inc's lender recommended full forgiveness of PPP loan number 6523467010.  As to the remaining allegations in Paragraph 37, Defendants are without knowledge or information sufficient to form a belief as to the lender's actions

and/or Plaintiff SSCP Auto Management, Inc.'s characterizations of such actions, and therefore deny the same.

38. Regarding the allegations in Paragraph 38, Defendants admit that SBA requested, through the lender, additional information regarding Plaintiff SSCP Auto Management, Inc., including the completion of SBA Form 3511. The remainder of the Paragraph 38 contains Plaintiff SSCP Auto Management, Inc's characterizations, to which no response is required. To the extent that a response is required, Defendants deny the remaining allegations in Paragraph 38.

39. Paragraph 39 contains Plaintiff SSCP Auto Management Inc.'s characterizations of its responses to SBA Form 3511, which form and responses speak for themselves and to which no response is required from Defendants. To the extent that a response is required, Defendants deny the allegations in Paragraph 39.

40. Paragraph 40 contains Plaintiff SSCP Auto Management Inc.'s characterizations of its responses to SBA Form 3511, which form and responses speak for themselves and to which no response is required from Defendants. To the extent that a response is required, Defendants deny the allegations in Paragraph 40.

41. Regarding the allegations in Paragraph 41, Defendants admit that SBA issued a Final Loan Review Decision dated February 3, 2022, regarding Plaintiff SSCP Auto Management, Inc.'s PPP loan that stated the SBA forgiveness amount was $0 and stated the basis for that decision. Defendants aver that the Final Loan Review Decision speaks for itself and deny the remaining allegations at Paragraph 41.

42. Paragraph 42 of the Complaint contains legal conclusions that do not require a response from Defendants and statements of fact to which Defendants are without knowledge or information sufficient to form a belief. To the extent that a response is required, Defendants admit that its Office of Hearing and Appeals received an appeal from Plaintiff SSCP Auto Management, Inc. of SBA's Final Loan Review Decision on March 5, 2022, and deny the remaining allegations in Paragraph 42.

### E. ATHR's Application for Loan Forgiveness

43. Regarding the allegations in Paragraph 43, Defendants admit that Plaintiff ATHR Management Company applied for forgiveness of its PPP loan and aver that Plaintiff's forgiveness application, Form 3508, speaks for itself. Regarding the remaining allegations in Paragraph 43, Defendants are without knowledge or information sufficient to form a belief as to what documentation was provided by Plaintiff ATHR Company Management, Inc. to its lender at the time the PPP loan forgiveness application was submitted and therefore deny the same.

44. Regarding the allegations in Paragraph 44, Defendants admit that Plaintiff ATHR Management Company, Inc's lender recommended full forgiveness of PPP loan number 6517827004.  As to the remaining allegations in Paragraph 44, Defendants are without knowledge or information sufficient to form a belief as to the lender's actions and/or Plaintiff ATHR Management Company, Inc.'s characterizations of such actions, and therefore deny the same.

45. Regarding the allegations in Paragraph 45, Defendants admit that SBA requested, through the lender, additional information regarding Plaintiff ATHR Management Company, Inc., including the completion of SBA Form 3511.  The remainder of the Paragraph 45 contains Plaintiff ATHR Management Company, Inc's characterizations, to which no response is required.  To the extent that a response is required, Defendants deny the remaining allegations in Paragraph 45.

46. Paragraph 46 contains Plaintiff ATHR Management Company Inc.'s characterizations of its responses to SBA Form 3511, which form and responses speak for themselves and to which no response is required from Defendants.  To the extent that a response is required, Defendants deny the allegations in Paragraph 46.

47. Regarding the allegations in Paragraph 47, Defendants admit that SBA issued a Final Loan Review Decision dated February 9, 2022, regarding Plaintiff ATHR

Management Company Inc.'s PPP loan that stated the SBA forgiveness amount was $0 and also stated the basis for that decision. Defendants aver that the Final Loan Review Decision speaks for itself and deny the remaining allegations at Paragraph 47.

48. Paragraph 48 of the Complaint contains legal conclusions that do not require a response from Defendants and statements of fact as to which Defendants are without knowledge or information sufficient to form a belief. To the extent that a response is required, Defendants admit that its Office of Hearing and Appeals received an appeal from Plaintiff ATHR Management Company Inc. of SBA's Final Loan Review Decision on March 5, 2022, and deny the remaining allegations in Paragraph 48.

### F.  SSCP's and ATHR's OHA Appeals and Final SBA Decision Denying PPP Loan Forgiveness

49. With respect to the allegations at Paragraph 49, Defendants admit that Plaintiffs filed a joint appeal with SBA's Office of Hearing and Appeals. The remainder of Paragraph 49 consists of Plaintiffs' characterizations of their own appeal(s), to which no response is required from Defendants. To the extent a response is required, Defendants deny the remaining allegations at Paragraph 49.

50. Regarding the allegations contained in Paragraph 50, Defendants admit that SBA filed responses to Plaintiffs' appeals on July 5, 2022. The remainder of Paragraph 50 consists of Plaintiffs' characterizations of SBA's responses, to which no response is required. To the extent that a response is required, Defendants admit that Plaintiff purports to quote SBA's July 5, 2022, responses, but state that the quotations are taken out of context and the responses speak for themselves.

51. Paragraph 51 of the Complaint contains legal conclusions and Plaintiffs' characterization on the CARES Act that do not require a response from Defendants. To the extent that a response is required, Defendants deny the allegations in Paragraph 51.

52. Admitted.

53. Paragraph 53 of the Complaint contains Plaintiffs' characterizations of the OHA decisions and Plaintiffs' legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 53.

54. Paragraph 54 of the Complaint contains Plaintiffs' legal conclusions, to which no response is required. To the extent that a response is required, Defendants admit that SBA's Office of Hearing and Appeals issued a decision on July 6, 2022, denying Plaintiffs' appeals and deny the remaining allegations in Paragraph 54.

55. Regarding the allegations in Paragraph 55, Defendants admit that no Petition for Reconsideration regarding the decisions referenced in Paragraph 54, above, was received from Plaintiffs by SBA's Office of Hearing and Appeals and admit that the SBA Administrator did not reverse the decisions referenced in Paragraph 54, above. The remainder of Paragraph 55 contains Plaintiffs' legal conclusions, to which no response is required.

56. Paragraph 56 of the Complaint contains Plaintiffs' legal conclusions, to which no response is required.

## CLAIMS FOR RELIEF

57. Paragraph 57 of the Complaint contains Plaintiffs' legal conclusions, to which no response is required.

58. Paragraph 58 of the Complaint contains Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is required, Defendants admits that Plaintiffs purport to quote from the Administrative Procedures Act, 5 U.S.C. §502, which Act speaks for itself.

59. Paragraph 59 of the Complaint contains Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is required, Defendants admits that Plaintiffs purport to quote from the Administrative Procedures Act, 5 U.S.C. §504, which Act speaks for itself.

60. Paragraph 60 of the Complaint contains Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, Defendants admits that Plaintiffs purport to quote from the Administrative Procedures Act, 5 U.S.C. §706, which Act speaks for itself.

61. Paragraph 61 of the Complaint contains Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, Defendants admits that SBA is a federal agency and do not challenge subject matter jurisdiction in this action.

## COUNT I
### SBA's Denial of Loan Forgiveness Is Arbitrary, Capricious, Contrary to Law, and in Excess of the SBA's Statutory Authority

62. Defendants repeat and incorporate their responses to paragraphs 1-61 as if fully set forth herein.

63. Paragraph 63 of the Complaint contains Plaintiffs' legal conclusions, to which no response is required. To the extent a response is required, Defendants admits that Plaintiffs purport to quote from the Administrative Procedures Act, 5 U.S.C. §706, which Act speaks for itself.

64. Paragraph 64 of the Complaint contains legal conclusions and Plaintiffs' characterization of the CARES Act that do not require a response from Defendants. To the extent that a response is required, Defendants deny the allegations in Paragraph 64.

65. Paragraph 65 of the Complaint contains legal conclusions and Plaintiffs' characterization of the CARES Act that do not require a response from Defendants. To the extent that a response is required, Defendants deny the allegations in Paragraph 65.

66. Paragraph 66 of the Complaint contains legal conclusions and Plaintiffs' characterization of the CARES Act that do not require a response from Defendants. To the extent that a response is required, Defendants deny the allegations in Paragraph 66.

67. Paragraph 67 of the Complaint contains legal conclusions and Plaintiffs' characterization of the CARES Act that do not require a response from Defendants. To the extent that a response is required, Defendants deny the allegations in Paragraph 67.

68. Paragraph 68 of the Complaint contains legal conclusions and Plaintiffs' characterization of the CARES Act that do not require a response from Defendants. To the extent that a response is required, Defendants deny the allegations in Paragraph 68.

69. Paragraph 69 of the Complaint contains legal conclusions and Plaintiffs' characterization of the CARES Act that do not require a response from Defendants. To the extent that a response is required, Defendants deny the allegations in Paragraph 69.

70. Paragraph 70 of the Complaint contains legal conclusions and Plaintiffs' characterization of the CARES Act that do not require a response from Defendants. To the extent that a response is required, Defendants deny the allegations in Paragraph 70.

71. Paragraph 71 of the Complaint contains legal conclusions and Plaintiffs' characterization of the CARES Act that do not require a response from Defendants. To the extent that a response is required, Defendants deny the allegations in Paragraph 71.

72. As to Paragraph 72, Defendants admit that Plaintiffs each received a PPP loan. Defendants admit that Plaintiff purports to quote from the CARES Act, but state that the quotations are taken out of context and that the Act speaks for itself. The remaining allegations in Paragraph 72 are denied.

73. Regarding the allegations in Paragraph 73, Defendants are without knowledge or information sufficient to form a belief as to what documentation was provided by Plaintiffs to their lender at the time the PPP loan forgiveness application was

submitted. Defendants admit that Plaintiff SSCP Auto Management, Inc's lender recommended full forgiveness of PPP loan number 6523467010 and that Plaintiff ATHR Management Company, Inc's lender recommended full forgiveness of PPP loan number 6517827004. The remainder of Paragraph 73 contains Plaintiffs' legal conclusions to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 73.

74. As to Paragraph 74, Defendants deny the first sentence. Defendants admit that SBA issued a Final Loan Review Decision regarding Plaintiff SSCP Auto Management, Inc.'s PPP loan forgiveness request on February 5, 2022, admit that SBA issued a Final Loan Review Decision regarding Plaintiff ATHR Management Company Inc.'s PPP loan forgiveness request on February 9, 2022, and aver that the decision speak for themselves. The remainder of Paragraph 74 contains Plaintiffs' characterization and legal conclusions regarding the CARES Act to which no response if required from Defendants. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 74.

75. Denied.

76. Regarding Paragraph 76, the first sentence states Plaintiffs' legal conclusions, to which no response is required from Defendants. The second sentence states Plaintiff's characterizations of the CARES Act, which Act speaks for itself. Defendants admit that, on or about April 2, 2020, SBA provided notice of an Interim Final Rule (hereinafter "IFR") which was published in the Federal Register at 85 F.R. 20811 (April 15, 2020). To the extent that a response is required, Defendants state that the IFR speaks for itself. The remainder of Paragraph 76 states Plaintiff's legal conclusions, to which no response is required. To the extent a response is required, Defendants deny any remaining allegations in Paragraph 76.

77. Paragraph 77 contains Plaintiffs' characterization of the CARES Act, which Act speaks for itself and contains Plaintiffs' legal conclusions to which no response is

required from Defendants.  To the extent a response is required, the remaining allegations in Paragraph 77 are denied.

78. Paragraph 78 states a conclusion of law to which no response is required from Defendants.  Paragraph 78 also purports to quote the Administrative Procedures Act, which Act speaks for itself.  Any remaining allegations in Paragraph 78 are denied.

79. Denied.

The remainder of the Complaint constitutes a prayer for relief, to which no response is required.  Defendants deny, however, that Plaintiffs are entitled to the relief prayed for, or to any relief whatsoever.

Defendants specifically deny all allegations of the Complaint not otherwise answered herein.

## FIRST DEFENSE

Plaintiffs do not challenge final agency action within the meaning of 5 U.S.C. § 704.

## SECOND DEFENSE

The Complaint fails to state claims upon which relief can be granted.

## THIRD DEFENSE

The relief Plaintiffs seek is barred by sovereign immunity.

WHEREFORE, having fully answered, Defendants respectfully request that Plaintiffs' claims against them be dismissed, with prejudice, and that the Court award Defendants such other and further relief as this Court may deem just and proper.

Dated:  February 17, 2023

Respectfully submitted,

LEIGHA SIMONTON
UNITED STATES ATTORNEY

*s/ Tami C. Parker*
Tami C. Parker
Assistant United States Attorney
Burnett Plaza, Suite 1700
801 Cherry Street, Unit # 4
Fort Worth, TX 76102-6882
Texas Bar No. 24003946
Telephone:  817-252-5200
Facsimile:   817-252-5458
E-mail:  tami.parker@usdoj.gov

Counsel for Defendants

## CERTIFICATE OF SERVICE

On February 17, 2023, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*s/ Tami C. Parker*
Tami C. Parker
Assistant United States Attorney
