IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

---

SSCP MANAGEMENT, INC.;
and ATHR MANAGEMENT COMPANY,
INC.,

     Plaintiffs,

v.

UNITED STATES SMALL BUSINESS
ADMINISTRATION; ISABELLA
CASILLAS GUZMAN, in her official
capacity as Administrator of the Small
Business Administration,

     Defendants.

Civil Action No. 3:22-CV-02807-X

---

**REPLY IN SUPPORT OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

Dated:  December 19, 2023

Of Counsel:

JAMES J. GILLIGAN
*Special Litigation Counsel*

INDRANEEL SUR
*Trial Attorney*
Civil Division, Federal Programs Branch
U.S. Department of Justice
P.O. Box 883
Washington, D.C.  20044

Phone:   (202) 514-8488
Fax No.: (202) 616-8470
Indraneel.Sur@usdoj.gov

LEIGHA SIMONTON
*United States Attorney*

Tami C. Parker
*Assistant United States Attorney*
Burnett Plaza, Suite 1700
801 Cherry Street, Unit # 4
Fort Worth, TX 76102-6882
Texas Bar No. 24003946
Telephone: 817-252-5200
Facsimile:  817-252-5458
E-mail: tami.parker@usdoj.gov

*Attorney for Defendants*

**TABLE OF CONTENTS**

ARGUMENT...............................................................................................................................2

    A.     SBA cannot forgive a PPP loan under the CARES Act for which the borrower was never eligible. ...........................................................................................................2

    B.     The consistent SBA interpretation aligns with the Loan Review IFR release and is not a *post hoc* rationale. .........................................................................................7

    C.     The limited waiver of sovereign immunity as to SBA forecloses relief functionally equivalent to an injunction. ...........................................................................9

CONCLUSION ........................................................................................................................10

The number of employees of each Plaintiff (including their affiliates) is 5,330, which "far exceeds 500, the maximum number" statutorily allowed for an entity "to be considered a small business"; thus neither Plaintiff was eligible for a PPP loan. AR000238, AR000466.[1]  Abandoning their challenge to that size determination, Plaintiffs would have this Court conclude that SBA *must* regard *every* PPP loan as eligible for forgiveness, even when that loan was predicated on a violation of the CARES Act or Section 7(a) of the Small Business Act—i.e., even where the borrower made an intentionally false self-certification of eligibility to get the loan.  But, as explained last week in a decision in this District rejecting a PPP borrower's APA challenge echoing Plaintiffs' claim here, SBA's position in the Loan Review IFR—under which the agency denies forgiveness for a PPP loan that SBA learns was made in violation of the CARES Act or Section 7(a)—properly respects the CARES Act's structure and its "location" of the PPP within Section 7(a).  Thus, the agency's interpretation, at a minimum, is a "reasonable" one, warranting deference. *See Bruckner Truck Sales, Inc. v. Guzman*, No. 2:23-cv-97-Z, 2023 WL 8606761 at *6 (N.D. Tex. Dec. 12, 2023) (Kacsmaryk, J.).

Plaintiffs' summary-judgment response only confirms that their position shortchanges the text and structure of the CARES Act as a whole and the related provisions in Section 7(a) on which SBA relied in the Loan Review IFR.  Those provisions supply vital context because the PPP's foundation is in Section 7(a); the PPP was "was not created as a standalone program." *In re Gateway Radiology Consultants, P.A.*, 983 F.3d 1239, 1249 (11th Cir. 2020); *accord Pharaohs GC, Inc. v. U.S. Small Business Admin.*, 990 F.3d 217, 227 (2d Cir. 2021).

Unable to square their position with the CARES Act and Section 7(a) as a whole, Plaintiffs instead purport to rely in isolation on the definition of an "eligible recipient" for forgiveness purposes in 15 U.S.C. § 636m(a)(10).  But even as to that isolated provision, Plaintiffs never cure the critical defect in their position:  Neither Plaintiff is an "eligible recipient," for forgiveness purposes, in that

---

[1]  Defined terms have the meaning set forth in Defendants' Brief in Support of their Summary Judgment Motion, Doc. 30 ("Def. Br.").  Citations of the form "Def. Opp. __" are to Defendants' Brief in Opposition to Plaintiffs' Summary Judgment Motion, Doc. 36, and citations of the form "Pls. Opp. __" are to Plaintiffs' Brief in Support of Their Response to Defendants' Motion for Summary Judgment, Doc. 34.  Internal citations and quotation marks are omitted throughout this brief unless noted.

neither received a "covered loan," defined as "a loan *guaranteed under* section 636(a)(36) of" Title 15, *see* § 636m(a)(1) (emphasis added), because a loan that violates Section 636(a)(36), or the Section 7(a) provisions the CARES Act left in place as to PPP loans, was not "guaranteed" in accordance with those provisions.  Put another way, to be validly "guaranteed under section 636(a)(36)" a PPP loan must be "subject to," "'with the authorization of' or 'inferior or subordinate' to" those provisions—including the statutory size limit in § 636(a)(36)(D), which Plaintiffs exceeded.  Def. Br. 22-24; Def. Opp. 4-5.

Plaintiffs fail to seriously grapple with the pivotal term "under," instead denigrating SBA's interpretation as, among other pejorative characterizations, "a hair-splitting construction."  Pls. Opp. 24.  But for the reasons stated in SBA's briefs tracking the rationale in the Loan Review IFR, the agency construction is correct (or, at least, reasonable).  For its part, akin to the challenger's position rejected in *Brucker*, Plaintiffs' position here "would preclude the SBA from denying forgiveness even to borrowers who obtained their loans via intentional misrepresentations and omissions, so long as those borrowers fulfilled the other statutory requirements. That interpretation runs contrary to the statutory text and the logic that supports it."  2023 WL 8606761 at *4.  As none of Plaintiffs' additional arguments suffices to meet their APA burden, judgment in favor of SBA is warranted.

## ARGUMENT

### A.    SBA cannot forgive a PPP loan under the CARES Act for which the borrower was never eligible.

*1.* Plaintiffs err in persistently downplaying the "statutory context" of the PPP, which has, "specifically, its foundation in the Small Business Act's 7(a) loan program," *Pharaohs GC*, 990 F.3d at 226, a location "making the SBA responsible for investigating, reviewing, maintaining, and creating rules protecting the program's integrity," *Bruckner*, 2023 WL 8606761 at *4.  That foundation includes Section 7(a)'s "sound value" requirement.  15 U.S.C. § 636(a)(6); *Gateway*, 983 F.3d at 1256-57; *Springfield Hosp., Inc. v. Guzman*, 28 F.4th 403, 424 (2d Cir. 2022)*.*  And in part to promote adherence to that requirement and others, in the Loan Review IFR, 85 Fed. Reg. 33,010 (June 1, 2020) SBA noted the necessity of drawing on its Section 7(a) auditing and investigative powers, at the forgiveness stage, to investigate initial eligibility and deny forgiveness where a

borrower lacked initial eligibility for a PPP loan because the loan did not comply with Section 7(a) or the CARES Act. Def. Br. 16-18; Def. Opp. 2-3 & n.2.

Plaintiffs fail to reconcile their contention that *every* PPP loan recipient must be deemed eligible for forgiveness with such enduring Section 7(a) provisions as the investigatory authority in 15 U.S.C. § 634(b)(11). They allude to that provision (without citing or quoting it) when they contend that "[g]eneric SBA investigatory or audit rights that *have nothing to do with* PPP loan forgiveness" must be subordinated to Plaintiffs' rendition of the definition of "eligible recipient" for loan forgiveness purposes. Pls. Opp. 16 (emphasis added). And they purport to find support for that contention in the "general/specific canon," namely, the "canon that a specific statute prevails over an inconsistent general statute." *See Coastal Conservation Ass'n v. U.S. Dep't of Com.*, 846 F.3d 99, 107 (5th Cir. 2017) (first quoting *RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 566 U.S. 639, 645 (2012)). But Section 634(b)(11) and 15 U.S.C. § 636m(a)(10) are, even if not equally specific, at least not mutually exclusive. That is, any perceived conflict or inconsistency is an exclusive byproduct of Plaintiffs' misinterpretation of 15 U.S.C. § 636m(a)(10) ("eligible recipient") and § 636m(a)(1) ("covered loan"), which they presuppose requires deeming every PPP loan as eligible for forgiveness. But there is no inconsistency to resolve under SBA's approach: The agency's authority to investigate violations of statutes and regulations implementing those statutes is properly reconciled with the loan-forgiveness process by recognizing that the agency correctly denies forgiveness as to loans that issued in violation of those statutes and regulations, because such loans are not "covered loan[s]" as defined in § 636m(a)(1).

*2.* Largely bypassing the PPP's foundation in Section 7(a), Plaintiffs repeat their central assertion that SBA erred in the Loan Review IFR by turning the inquiry about whether a borrower is an "eligible recipient" for loan forgiveness purposes, 15 U.S.C. § 636m(a)(10), into an inquiry about whether that borrower was an "eligible recipient" for loan origination purposes, 15 U.S.C. § 636(a)(36)(A)(iv). Pls. Opp. 4-10. That argument fails. Def. Opp. 3-7. [2] Plaintiffs here disparage

---

[2] *Bruckner* is instructive, because there, as here, the borrower "focuse[d] its argument almost exclusively on the definition of 'eligible recipient,'" and portrayed the Loan Review IFR as having erroneously "replace[d]" the forgiveness-stage definition with the origination-stage definition. 2023 WL 8606761 at *3.

SBA's explanation of the key phrase "guaranteed under," as, among other pejorative characterizations, "a hair-splitting construction." Pls. Opp. 24. Yet Plaintiffs do not invoke any precedent giving "guaranteed under" a meaning other than the one SBA advanced, consistent with numerous Supreme Court precedents. Def. Br. 22-24 (citing, *inter alia*, *Pereira v. Sessions*, 138 S. Ct. 2105, 2117 (2018); *Ardestani v. INS*, 502 U.S. 129, 135-36 (1991)); Def. Opp. 4-5 (citing *Caraco Pharm. Labs., Ltd. v. Novo Nordisk A/S*, 566 U.S. 399, 417-19 (2012); *Fla. Dep't of Rev. v. Piccadilly Cafeterias, Inc.*, 554 U.S. 33, 39-41 (2008); *Eli Lilly & Co. v. Medtronic, Inc.*, 496 U.S. 661, 667 (1990)).

Nor do Plaintiffs explain how their APA challenge can succeed absent a definition of "guaranteed under" favorable to Plaintiffs. Plaintiffs instead strain to impugn SBA's understanding of the phrase "guaranteed under" as "nonsensical" and "illogical," but the purported problems they identify are inconsequential. Pls. Opp. 20-21. First, Plaintiffs assert that their loans must have been "guaranteed under" the CARES Act for forgiveness purposes because Plaintiffs lender processed the loan documents at the origination stage and because SBA agreed to guarantee the loans. From that, Plaintiffs posit that the loans cannot have "lost" that "status later." Pls. Opp. 20. No precedent says so, and Plaintiffs' s ignores SBA's investigatory and other authorities in §§ 634(b)(6), 634(b)(7), and 634(b)(11). Reflecting an understanding that borrowers occasionally obtain loans for which they are not eligible, those provisions empower SBA to review eligibility for a loan after funds have been disbursed and to determine whether the borrower properly held the "status" of an eligible recipient in the first place. Plaintiffs' conjecture also ignores the reality that parties *always* bear the risk that

---

But as the District Court recognized, an "eligible recipient" for forgiveness purposes must have received a "covered loan," § 636m(a)(10), which is one "*guaranteed under* paragraph (36) of Section 7(a) of the Small Business Act," and "[h]ence, understanding what the term 'covered loan' means—*and the authority and terms to which it is subject*—requires understanding what the phrase 'guaranteed under' means." 2023 WL 8606761 at *3 (second emphasis added). On that key question, the District Court agreed with SBA's analogy to *Pereira*, 138 S. Ct. at 2117, meaning that "if a PPP loan is granted to an ineligible borrower, that loan is not 'guaranteed under' 15 U.S.C. § 636(a) because an ineligible borrower's loan is not 'in accordance with' or 'according to' the governing statutes and the SBA's authoritative regulations interpreting those statutes." 2023 WL 8606761 at *4. Moreover, the District Court disagreed with the challenger's argument, which "fails to adequately address this 'guaranteed under' language—to the extent it addresses it at all," and which "would preclude the SBA from denying forgiveness *even* to borrowers who obtained their loans via intentional misrepresentations and omissions, so long as those borrowers fulfilled the other statutory requirements"—a position that "runs contrary to the statutory text and the logic that supports it." *Id.*

Reply in Support of Defendants'
Summary Judgment Motion – Page 4

a court may later reject an assumption the parties made before litigation commenced. [3]  And, in any event, SBA has shown that denial of loan forgiveness as to an ineligible loan based on the agency's conclusion that the loan is not duly "guaranteed under" Section 7(a) does not disrupt the administration of the PPP.  Def. Opp. 6 n.4.  Plaintiffs do not purport to argue otherwise.

Second, Plaintiffs assert that SBA's interpretation of "guaranteed under" in Section 636m(a)(1) conflicts with the use of the phrase in 15 U.S.C. § 636(a)(36)(W), which provides (emphasis added):  "*Notwithstanding any other provision of law*, any criminal charge or civil enforcement action alleging that a borrower engaged in *fraud with respect to* a covered loan *guaranteed under* this paragraph shall be filed not later than 10 years after the offense was committed."  Plaintiffs take this later-enacted provision to mean that, when "a PPP loan was obtained through criminal fraud, Congress refers to that fraudulent loan as a 'covered loan guaranteed under' the statute."  Pls. Opp. 21.[4]  But Plaintiffs do not identify any precedent for their bizarre notion that the PPP functions correctly by, on the one hand, *redressing* fraud through an extension of the time for filing cases against borrower for "fraud with respect to" a PPP loan, while on the other hand *rewarding* such fraud—in line with Plaintiffs' loophole-creating position—by requiring SBA to grant federally financed forgiveness of a loan obtained through borrower fraud.  Rather, courts "are disinclined to say that what Congress imposed with one hand . . . it withdrew with the other."  *Abbott v. United States*, 562 U.S. 8, 27 (2010).

---

[3]  Plaintiffs' "status" objection could have been made, for example, in *Pereira*.  There, the Government served the petitioner in 2006 with a document titled "notice to appear" that "included all of the information required" by 8 U.S.C. § 1229(a)(1), "except it failed to specify the date and time of" the petitioner's "removal proceedings."  138 S. Ct. at 2112-13.  It was not until the Supreme Court's ruling in petitioner's favor a dozen years later (in 2018) that the insufficiency of that 2006 document was established, when the Court interpreted the term "under" to mean that "the stop-time rule applies only if the Government serves a 'notice to appear' '*[i]n accordance with*' or '*according to*' the substantive time-and-place requirements set forth" in 8 U.S.C. § 1229(a).  *Pereira*, 138 S. Ct. at 2117 (emphasis added).  If Plaintiffs' criticism held water, then, by extension, the 2006 document in *Pereira* "lost" its "status" as a valid instrument 12 years after the Government served it on the petitioner.  But that was no obstacle to the Supreme Court's interpretation of the term "under."

[4]  Plaintiffs do not address the history of § 636(a)(36)(W), which Congress passed and President Biden signed in 2022 as a subsequent amendment to the CARES Act postdating the definition of "eligible recipient" on which Plaintiffs have centered their challenge.  Pub. L. No. 116-166, 136 Stat. 1365 (Aug. 5, 2022).  Additionally, Plaintiffs do not address the first clause § 636(a)(36)(W) ("Notwithstanding any other provision of law").  *See NLRB v. SW General, Inc.*, 137 S. Ct. 929, 940 (2017); *United States v. DeCay*, 620 F.3d 534, 540-41 (5th Cir. 2010).

In that regard, in Plaintiffs' selective account of the background of the CARES Act, they contend that when the PPP opened, "it was a certainty that there would be lenders and borrowers that might *in good faith* reach different conclusions regarding PPP loan eligibility than the SBA would months later once the frenzy had passed." Pls. Opp. 13 (emphasis added). But the "good faith" qualification is not found in the statute. Def. Opp. 7-8. Plaintiffs' inclusion of that phrase in their policy discussion would do nothing to avert the many incompatibilities between their position and the CARES Act as a whole.

In sum, although Plaintiffs purport to rely on the plain text of the definition of "eligible recipient" in § 636m(a)(10), they attempt to skate by the interrelated term "covered loan," which in turn hinges on the context-dependent phrase "guaranteed under." Plaintiffs therefore fail to heed the fundamental principle of statutory interpretation requiring courts to read statutory terms in their entire context. Def. Br. 14 (citing *Nat'l Ass'n of Home Builders v. Defs. of Wildlife*, 551 U.S. 644, 666 (2007)); Def. Opp. 5-6 (citing *Carcieri v. Salazar*, 555 U.S. 379, 391 (2009)).[5]

**3.** Moreover, the Consolidated Appropriations Act, 2021 is legislation post-dating the Loan Review IFR that confirms the validity of SBA's interpretation. Def. Br. 20-21. Plaintiffs' contrary contention is unavailing. Pls. Opp. 15-17. Plaintiffs failed to address a key precedent underlying SBA's confirmation argument, *United States v. Johnson*, 529 U.S. 53, 58 (2000), which reiterates that "[w]hen Congress provides exceptions in a statute . . . [t]he proper inference . . . is that Congress considered the issue of exceptions and, in the end, limited the statute to the ones set forth." That principle controls here.[6]

---

[5] The challenger's position in *Bruckner*, which is Plaintiffs' position here, "is incompatible," the District Court explained, "with the fact that Congress located the PPP in Section 7(a)—*within* the SBA's pre-existing loan authority—thereby making the SBA responsible for investigating, reviewing, maintaining, and creating rules protecting the program's integrity." 2023 WL 8606761 at *5. Plaintiffs' argument thus is *not* rooted in the text. It does not respect the fundamental "whole-text canon," which "calls on the judicial interpreter to consider the entire text, in view of its structure *and of the physical and logical relation of its many parts*," as "[t]he entirety of the document thus provides the context for each of its parts." *Id.* (quoting A. Scalia & B. Garner, *Reading Law: The Interpretation of Legal Texts* 167 (2012)); Def. Opp. 7.

[6] In agreement with SBA's confirmation argument, the District Court explained in *Bruckner*: The CAA 2021 "forbade the SBA from requiring certain forgiveness applicants (those seeking $150,000 or less) to submit documentation beyond one page containing specified certifications, but did not even purport to restrict SBA's authority to review, audit, or modify forgiveness of loans over $150,000—the SBA's approach *was*

**4.** Additionally, SBA explained that Plaintiffs' argument that *every* PPP loan is eligible for forgiveness "reflects" the incorrect "view[s]" that forgiveness is "automatic" and that PPP funds are a grant rather than a loan. Def. Br. 18-20 (discussing *Springfield Hosp.*, 28 F.4th at 424). Plaintiffs object that they have not argued that they received grants rather than loans. Pls. Opp. 14-15. It is true enough that Plaintiffs did not argue that PPP funds must be characterized as a "grant" rather than a "loan," and SBA did not state that Plaintiffs advanced that characterization. Rather, the important point is that by requiring SBA to regard all PPP borrowers as eligible for forgiveness, Plaintiffs would deprive such eligibility of any gatekeeping function in the forgiveness process. In that sense Plaintiffs would make forgiveness eligibility "automatic," leaving only the precise *amount* of forgiveness to be determined based on whether the borrower used the PPP funds for allowable purposes. Plaintiffs concede, as they must, that the amount of forgiveness requires the borrower's "demonstration of qualifying expenditures of the PPP loan proceeds." Pls. Opp. 15. But if SBA must take all PPP borrowers as eligible for forgiveness, then even a borrower that obtained its loan through a false or misleading self-certification of eligibility would obtain forgiveness via such a "demonstration of qualifying expenditures." For the reasons SBA stated, the text and structure of the CARES Act forecloses such federal subsidization of program abuse.

**B.      The consistent SBA interpretation aligns with the Loan Review IFR release and is not a *post hoc* rationale.**

SBA's interpretation respects *SEC v. Chenery Corp.*, 318 U.S. 80, 87 (1943) ("*Chenery I*"), which teaches that "[t]he grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based." Nor does this case involve a violation of the rule against "*post hoc* rationalizations for agency action" first surfaced in litigation. *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168 (1962). Plaintiffs' contrary contention is incorrect. Pls. Opp. 23-24, 26-27.

---

*left completely untouched.*" 2023 WL 8606761 at *5 (citing CAA 2021, Div. N, § 307(a)(3) (adding 15 U.S.C. § 636m(l)(1)(A), (B)) (emphasis added). Thus, the CAA 2021 "represents Congress's affirmative decision to ratify the SBA's conclusion that it had statutory authority to assess borrower eligibility at the loan forgiveness stage." *Id.*

Plaintiffs urge invalidation of the Loan Review IFR given that SBA applied that rule in denying them forgiveness.  Pls. Opp. 23.  Tracking the discussion in the Loan Review IFR release, Def. Opp. 3 n.2, in opposing the APA claim here, SBA relied on the CARES Act, and SBA also relied on the confirmation of SBA's approach to PPP forgiveness manifested in the CAA 2021, Def. Br. 14-21.  That is, as the District Court noted in *Bruckner* in rejecting the challenger's contention that the Loan Review IFR was impermissibly retroactive, the "Loan Review IFR relied on—and advised borrowers of—the SBA's pre-existing statutory authority," thereby reminding borrowers that they "received PPP loans subject to that authority—authority to investigate and determine eligibility and take actions to ensure statutory compliance."  2023 WL 8606761 at *8.

SBA's position here is fully aligned with the Loan Review IFR.  That meets the "concern" of *Chenery I*, which "is not focused so much on the specific location of the agency's rationale as it is on the agency's articulation of its rationale *at the time* it takes its action so that a court is able to review that rationale."  *MediNatura, Inc. v. FDA*, 998 F.3d 931, 942 (D.C. Cir. 2021).  Although the Loan Review IFR release did not cite decisional law, Plaintiffs err in presupposing that *Chenery I* requires any such detail.  Pls. Opp. 23-24.  "[I]t does no violence" to the *Chenery* principle for SBA "to advance a legal argument in support of [the] administrative position . . . upon which its decision was made" earlier.  *Am.'s Cmty. Bankers v. FDIC*, 200 F.3d 822, 836 (D.C. Cir. 2000).  Put another way, a court may consider positions clarified for the first time in litigation so long as they are consistent with the interpretation implicit in the "agency's established regulations and administrative practice[,]" *Animal Legal Def. Fund, Inc. v. Perdue*, 872 F.3d 602, 615-16 (D.C. Cir. 2017), and thus represent the "fair and considered judgment" of the agency, not a subordinate official's, on the point, *Ass'n of Bituminous Contractors, Inc. v. Apfel*, 156 F.3d 1246, 1251-52 (D.C. Cir. 1998); *cf. S. Utah Wilderness All. v. Off. of Surface Mining Reclamation & Enf't*, 620 F.3d 1227, 1236 (10th Cir. 2010) ("[I]f the agency has not actually explained its reasoning, it is appropriate to rely on implicitly adopted rationales as long as they represent the [agency's] fair and considered judgment[.]").  Here, by clarifying in its briefs the position first set out (at least implicitly) in the Loan Review IFR, SBA adhered to *Chenery I*.

Plaintiffs are also wrong to fault the OHA decisions for "barely even address[ing]" the CARES Act and instead discussing the Loan Review IFR. Pls. Opp. 22-23. It was proper for the OHA decisions not to opine on the compatibility of the Loan Review IFR with the statute because the administrative appeal forum is subject to the authority of the head of the agency and lacks power to invalidate agency rules.[7] Plaintiffs did not seek reconsideration and thus did not raise any argument against that conclusion about OHA's limited authority. In any event, the OHA decisions previewed the arguments SBA has made on summary judgment here, which tracked the authorities SBA relied on in the Loan Review IFR release. In particular, the OHA decisions noted SBA's statement "that there is no doubt that the PPP *was created by Congress as an additional program under* SBA's 7(a) loan program," and that "SBA, with authority from Congress, determined that [t]he CARES Act, the Interim Final Rules, and SBA 7(a) program regulations and policies require businesses to meet applicable small business size standards to be eligible for PPP loans." AR000235, AR000464 (emphasis added). The whole record thus confirms that the arguments SBA has made to this Court are consistent with those fully preserved in the agency proceedings.

**C.    The limited waiver of sovereign immunity as to SBA forecloses relief functionally equivalent to an injunction.**

In any event, if the Court were to find an APA violation, the appropriate remedy would be to remand to SBA for further proceedings, which would be consistent with 15 U.S.C. § 634(b)(1), the specific statutory restriction on relief in the nature of an injunction against SBA. Def. Br. 31-34; Def. Opp. 8-9. Plaintiffs continue to seek broader relief that would predetermine the outcome of such a remand. Pls. Opp. 28-30. But they have no license to ignore the Fifth Circuit precedent construing the statute to foreclose orders against SBA that (however labeled) are functionally equivalent to injunctions, such as orders requiring specific performance of disputed agreements.

---

[7] As the OHA decisions put it, agreeing with SBA's response to Plaintiffs' administrative appeal submissions: "OHA has no authority to invalidate a regulation, policy[,] or rule issued relating to eligibility for PPP loans and forgiveness of them." AR000236, AR000464; *see Nash v. Bowen*, 869 F.2d 675, 680 (2d Cir. 1989) (citing *Mullen v. Bowen*, 800 F.2d 535, 540-41 n.5 (6th Cir. 1986)); *see also* AR000200-01, AR000430-31 (citing *Nash* and *Mullen* among other authorities).

Reply in Support of Defendants'
Summary Judgment Motion – Page 9

**CONCLUSION**

Plaintiffs colorfully assert that "it is difficult" for them "to imagine a more brazen example" than the Loan Review IFR "of an agency purporting to rewrite a statutory definition to suit its own regulatory goals." Pls. Opp. 17. That mischaracterizes the Loan Review IFR, which correctly construed the pertinent statutory terms in their proper context rather than in isolation. For the reasons stated above and in SBA's two prior briefs, summary judgment is properly granted to SBA.

Dated: December 19, 2023

Respectfully submitted,

LEIGHA SIMONTON
UNITED STATES ATTORNEY

Of Counsel:

s/ *Tami C. Parker*
Tami C. Parker

JAMES J. GILLIGAN
*Special Litigation Counsel*
INDRANEEL SUR
*Trial Attorney*
Civil Division, Federal Programs Branch
U.S. Department of Justice
P.O. Box 883
Washington, D.C.  20044
Telephone:  202-616-8488
Facsimile:   202-616-8470
E-mail: Indraneel.Sur@usdoj.gov

*Assistant United States Attorney*
Burnett Plaza, Suite 1700
801 Cherry Street, Unit # 4
Fort Worth, TX 76102-6882
Texas Bar No. 24003946
Telephone: 817-252-5200
Facsimile:  817-252-5458
E-mail: tami.parker@usdoj.gov

*Attorney for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

On December 19, 2023, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

s/ *Tami C. Parker*
Tami C. Parker
*Assistant United States Attorney*
