IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SSCP MANAGEMENT, INC.; and ATHR MANAGEMENT COMPANY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES SMALL BUSINESS ADMINISTRATION; ISABELLA CASILLAS GUZMAN, in her official capacity as Administrator of the Small Business Administration, <br><br> Defendants. | Civil Action No. 3:22-CV-02807-X |

**DEFENDANTS' PROPOSED RESPONSE TO
BRIEF OF AMICUS CURIAE BRUCKNER TRUCK SALES, INC. IN SUPPORT OF
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

1

Dated: May 31, 2024

|  |  |
|---|---|
| Of Counsel: | LEIGHA SIMONTON<br>*United States Attorney* |
| JAMES J. GILLIGAN<br>*Special Litigation Counsel* | Tami C. Parker<br>Assistant United States Attorney<br>Burnett Plaza, Suite 1700 |
| INDRANEEL SUR<br>*Trial Attorney*<br>Civil Division, Federal Programs Branch<br>U.S. Department of Justice<br>P.O. Box 883<br>Washington, D.C. 20044 | 801 Cherry Street, Unit # 4<br>Fort Worth, TX 76102-6882<br>Texas Bar No. 24003946<br>Telephone: 817-252-5200<br>Facsimile: 817-252-5458<br>E-mail: tami.parker@usdoj.gov |
| Phone: (202) 514-8488<br>Fax No.: (202) 616-8470<br>Indraneel.Sur@usdoj.gov | *Attorney for Defendants* |

**TABLE OF CONTENTS**

ARGUMENT ................................................................................................................................. 1
    A.    Bruckner's amicus argument should not be considered because Plaintiffs did not raise it ................................................................................................................................. 1
    B.    Alternatively, Bruckner's argument is incorrect ............................................................. 3
CONCLUSION ............................................................................................................................. 7

To protect the Paycheck Protection Program's fiscal integrity, SBA announced a system of PPP loan review via an Interim Final Rule in June 2020. 85 Fed. Reg. 33,010, 33,012, 33,013 (June 1, 2020) ("Loan Review IFR"). [1] Bruckner Truck Sales, Inc., which has filed an amicus brief (Doc. 47-1) ("Amic. Br.") supporting Plaintiffs in this APA action, has commenced an appeal from the judgment of the Amarillo Division of this District rejecting Bruckner's own APA challenge to SBA's denial of Bruckner's PPP loan forgiveness application based on the Loan Review IFR. [2] Bruckner's amicus argument that SBA lacks authority under the CARES Act to adopt the Loan Review IFR centers on a provision now codified at 15 U.S.C. § 636m(*l*)(1)(E), enacted as part of the Consolidated Appropriations Act, 2021 ("CAA 2021"), a statute post-dating the CARES Act. For their part, Plaintiffs in this action have sought summary judgment without advancing Bruckner's § 636m(*l*)(1)(E) argument. That amicus argument therefore should not be addressed in this action, consistent with the Fifth Circuit's ordinary rule against considering issues or assertions raised only by an amicus. In any event, even if this Court were to consider Bruckner's amicus argument, that argument fails. The Loan Review IFR is consistent with the text, structure, and legal context of the CARES Act. And Congress ratified it in subsequent legislation. The District Court correctly held as much in *Bruckner I*, 2023 WL 8606761 at *5, and again in explicitly rejecting Bruckner's previous attempt to rely on § 636m(*l*)(1)(E) in *Bruckner II*, 2024 WL 903441 at *4 & n.8. Summary judgment should thus be granted to SBA.

## ARGUMENT

**A.    Bruckner's amicus argument should not be considered because Plaintiffs did not raise it**

Bruckner's main argument as amicus hinges on a provision now codified at 15 U.S.C. § 636m(*l*)(1)(E), enacted as part of the CAA 2021. Pub. L. No. 116-260, Div. N, Title III, § 307(a)(3), 134 Stat. 1182, 1999. Yet Plaintiffs in this action did not raise Bruckner's argument as

---

[1] Specialized terms not defined herein have the meaning set forth in Defendants' summary judgment briefs, cited herein as Doc. 30 ("Def. Br."), Doc. 36 ("Def. Opp."), and Doc. 42 ("Def. Am. Reply"). Internal citations and quotation marks are omitted throughout this brief unless noted.

[2] *Bruckner Truck Sales, Inc. v. Guzman*, No. 2:23-cv-097, 2023 WL 8606761 (N.D. Tex. Dec. 12, 2023), *reconsideration denied*, 2024 WL 903441 (N.D. Tex. Feb. 27, 2024), *appeal filed*, No. 24-10377 (5th Cir. Apr. 24, 2024).

amicus about § 636m(*l*)(1)(E). Bruckner itself recognizes as much, by counting its argument as "one more" than those Plaintiffs advanced. Amic. Br. 2.

For their part, Plaintiffs contend that § 636m(*l*)(1)(E) was *inconsequential* for Plaintiffs' challenge: § 636m(*l*)(1)(E) "does not apply to the loans at issue in this action," Plaintiffs observe, because their PPP loans "are well in excess of" $150,000, whereas that provision "applies only to PPP loans in the amount of $150,000 or less." Pls. Opp. 15-16 (Doc. 34).[3] And Plaintiffs rely on a *different* provision of *separate* legislation subsequent to the CARES Act—namely, § 636(a)(36)(W)—when Plaintiffs argue against SBA's interpretation of the term "guaranteed under" in the CARES Act's definition of a "covered loan," 15 U.S.C. § 636m. *Compare* Pls. Reply (Doc. 39) 6-7, *with* Def.' Am. Reply 5 n.4 (describing enactment of § 636(a)(36)(W), Pub. L. No. 117-166, 136 Stat. 1365 (Aug. 5, 2022)).

Although no Federal Rule of Civil Procedure governs amicus briefs, Fifth Circuit precedent under Federal Rule of Appellate Procedure 29 is instructive here, under which, "[f]or obvious reasons, new issues, generally, cannot be raised in an amicus brief." *See Anderson v. City of New Orleans*, 38 F.4th 472, 481 (5th Cir. 2022) (declining to "consider" "assertion . . . raised only in" amicus brief). So where a party has "failed to raise . . . in" that party's "opening brief" a particular "argument[]," the Fifth Circuit generally "will not consider" that argument, *Squyres v. Heico Cos., LLC*, 782 F.3d 224, 233 n.5 (5th Cir. 2015), given that "[a]bsent exceptional circumstances, an issue waived by appellant cannot be raised by amicus curiae," *Christopher M. ex rel. Laveta McA. v. Corpus Christi Indep. Sch. Dist.*, 933 F.2d 1285, 1293 (5th Cir. 1991); *accord CSX Transp., Inc. v. Surface Transp. Bd.*, 754 F.3d 1056, 1064 (D.C. Cir. 2014) (declining to address arguments raised

---

[3] In Footnote 3 of the Opposition (Pls.' Opp. 16 n.3), Plaintiffs seek to further support their contention that the "unambiguous and unique definition of 'eligible recipient'" in § 636m(a)(10) "decreed that all recipients of PPP loans are eligible for forgiveness of their loans" (Pls. Opp. 7), by construing the word "ineligibility" in § 636m(*l*)(1)(E) (providing that SBA "may" "modify" loan forgiveness amounts "in the case of fraud, ineligibility, or other material noncompliance with applicable loan or loan forgiveness requirements") to encompass only those situations where the borrower "improperly inflat[ed] payroll numbers during the loan application process . . . or fail[ed] to document compliance with the substantive criteria for forgiveness based on expenditure of the loan proceeds." So, again, that footnote does not make Bruckner's amicus argument. And, in any event, courts need not address a position Plaintiffs relegated to that cursory footnote. *See, e.g.*, *Smith v. Sch. Bd. of Concordia Parish*, 88 F.4th 588, 596 & n.32 (5th Cir. 2023) (citing, *inter alia*, *Arbuckle Mountain Ranch of Tex., Inc. v. Chesapeake Energy Corp.*, 810 F.3d 335, 339 n.4 (5th Cir. 2016)).

exclusively by amicus because "ordinarily" court "do[es] not entertain arguments not raised by parties") (citing *Narragansett Indian Tribe v. Nat'l Indian Gaming Comm'n*, 158 F.3d 1335, 1338 (D.C. Cir. 1998)); *Snyder v. Phelps*, 580 F.3d 206, 216-17 (4th Cir. 2009).[4] The Fifth Circuit has explained that such an "exceptional circumstance[]" exists where the amicus brief argues lack of subject-matter jurisdiction, given the Article III obligation to consider that question in every case. *See United States v. Baltazar-Sebastian*, 990 F.3d 939, 943-44 (5th Cir. 2021). Yet Bruckner's amicus argument does not concern subject-matter jurisdiction. And Bruckner does not attempt to argue that any other "exceptional circumstance[]" exists here.

Accordingly, this Court should decline to rule on Bruckner's argument predicated on § 636m(*l*)(1)(E). Indeed, following the ordinary rule against entertaining arguments raised exclusively by an amicus makes particular sense here in this APA action, where "[t]he task of the reviewing court is to apply the appropriate APA standard of review, 5 U.S.C. § 706, to the agency decision based on the record the agency presents to the reviewing court." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985). The record in this APA action centers on *Plaintiffs'* forgiveness applications. It does not concern or even contain the forgiveness application from Bruckner. Hence, this Court's judgment upon on that administrative record would not alter Bruckner's rights concerning its forgiveness application.[5]

## B.   Alternatively, Bruckner's argument is incorrect

In any event, even if entertained, Bruckner's arguments fail for substantially the same reasons

---

[4] Such decisions respect the principle of party presentation, under which a court should generally consider only the issues and arguments presented by the parties. *Wood v. Milyard*, 566 U.S. 463, 472 (2012); *see United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (vacating court of appeals decision invalidating a criminal conviction under First Amendment overbreadth doctrine where the court of appeals, not defendant, raised that issue); s*ee also Jennings v. Stephens*, 574 U.S. 271, 277 (2015) ("Courts reduce their opinions and verdicts to judgments precisely to define the rights and liabilities *of the parties*.") (emphasis added).

[5] *See DCOR, LLC v. U.S. Dep't of the Interior*, No. 3:21-cv-120, 2023 WL 4748197 at *9 n.21 (N.D. Tex. July 24, 2023) (court in APA action "will not consider arguments" plaintiff "did not raise itself"); *cf. Accordius Health At Asheville LLC v. U.S. Small Bus. Admin.*, No. 1:23-cv-129, 2024 WL 2151707 at *2 (W.D.N.C. May 1, 2024) (denying leave to file amicus brief of hospitality industry association where APA plaintiff operated in different industry given that "the Court's decision in this case is confined to the administrative record before it").

Defendants' Proposed Response
to Amicus Brief – Page 3

that Defendants are entitled to summary judgment. Def. Mem. 14-26; Def. Opp. 2-8; Def. Am. Reply 2-7. Bruckner erroneously reads § 636m(*l*)(1)(E) without construing it in light of the entire statutory scheme and subsequent legislation. Def. Mem. 14; *see, e.g.*, *Turkiye Halk Bankasi A.S. v. United States*, 598 U.S. 264, 275 (2023). Taken in context, § 636m(*l*)(1)(E) does not support but undercuts the asserted challenge to SBA's application of the Loan Forgiveness Rule in this action.

SBA explained in the Loan Review IFR that the Small Business Act authorizes SBA to conduct audits and investigations, 15 U.S.C. § 634(b)(11), and to take such other actions as may be necessary or desirable, *see id.* § 634(b)(6), (7), to ensure borrowers' compliance with § 7(a) rules and regulations. 85 Fed. Reg. at 33,012. Under that authority, SBA determined that it would be appropriate to review PPP loans and deny loan forgiveness, in whole or in part, when, regardless of loan amount, a borrower's loan documentation (or any other information) indicates that the borrower may be ineligible for its loan or for the full forgiveness amount claimed. After the Loan Review IFR issued, the same Congress that enacted the CARES Act enacted the CAA 2021. That enactment provided that, to obtain loan forgiveness a borrower with a loan of not more than $150,000 needs to submit *only* a one-page forgiveness application containing specified certifications. CAA 2021, Div. N, § 307(a)(3) (adding § 636m(*l*)(1)(A), (B)). Although simplifying and streamlining the forgiveness application *process* for borrowers with smaller loans in that manner, the CAA 2021 nevertheless reaffirmed the *substance* of SBA's authority to audit forgiven loans of $150,000 or less, to access relevant records, and to modify the amounts forgiven in cases of fraud, ineligibility, or material noncompliance with applicable requirements. *Id.* (adding § 636m(*l*)(1)(E)). Notably, the CAA did not restrict SBA's authority under § 634(b)(7) and (11) to review, audit, or accordingly modify forgiveness of loans over $150,000.

The part of the CAA 2021 on which Bruckner focuses, § 636m(*l*)(1)(E)(iii), provides that SBA "may . . . in the case of fraud, *ineligibility*, or other material noncompliance with applicable loan or loan forgiveness requirements, *modify*— . . . (II) the loan forgiveness amount with respect to *a covered loan described in subparagraph (A)*" (where, in turn, subparagraph (A) focuses the inquiry on "a covered loan made to an eligible recipient that is not more than $150,000 . . . ." § 636m(*l*)(1)(A))

(emphases added). Bruckner asserts that because the CAA 2021 provides for such auditing and modification of loans not exceeding $150,000, the CAA 2021 therefore must be understood as denying SBA authority to investigate and act on loans exceeding $150,000. Amic. Br. 2-3.

But the CAA 2021 contains no such instruction, and the District Court's well-reasoned analysis correctly rejected Bruckner's previous effort to rely on § 636m(l)(1)(A). *Bruckner II*, 2024 WL 903441 at **3-4. As that analysis recognized, the CAA 2021 reflects legislative agreement that, even under the streamlined loan-forgiveness process for loans "not more than $150,000," that SBA may continue to exercise its authority to examine a loan *after it issued* for "material noncompliance with . . . requirements," and may act against such "noncompliance." And as to the remaining loans— *i.e.*, those exceeding $150,000—the proper inference from the absence of *any* change to the SBA's Loan Review Rule is that Congress ratified that rule. That is because "Congress is presumed to be aware of an administrative or judicial interpretation of a statute and to adopt that interpretation when it re-enacts a statute without change." *Lorillard v. Pons*, 434 U.S. 575, 580 (1978); *see Bruckner I*, 2023 WL 8606761 at *5 (applying *Lorillard*); *Bruckner II*, 2024 WL 903441 at *4 & n.8 (same); *see also* Def. Mem. 20-21 (quoting *Duarte v. Mayorkas*, 27 F. 4th 1044, 1059 (5th Cir. 2022), which applied *Lorillard* in turn).

Bruckner's argument that the Court must infer an absence of authority as to loans exceeding $150,000 from the CAA 2021 provisions for loans not exceeding $150,000 apparently relies on a version of the negative implication canon, *i.e.*, the familiar interpretive principle known *expressio unius est exclusio alterius*, which teaches inclusion of express criteria implies the exclusion of other, unstated criteria relating to what is expressed. That is, "[g]iving" particular "authority in only specified circumstances could be said to imply that it is withheld in other circumstances." *See, e.g.*, *Setser v. United States*, 566 U.S. 231, 238 (2012) (opinion for the Court by Justice Scalia analyzing and rejecting *expressio unius* contention). But here, as in *Setser*, "[t]he mere acknowledgment of the existence of certain pre-existing authority (and regulation of that authority) in no way implies a repeal of other pre-existing authority." *Id.* In particular, the CAA 2021 statute did not need to expressly spell out the existence of audit and investigative authorities as to PPP loans of $150,000 more, because

no statute displaced SBA's pre-existing § 7(a) authorities, which supplied the foundation for the PPP generally, and for SBA's review of PPP loans, as explained in the Loan Review IFR. Def. Br. 16-18; Def. Opp. 2-3 & n.2. In this setting, Bruckner's mechanical attempt to rely on the negative implication canon fails because that canon "applies only when circumstances support a sensible inference that the term left out must have been meant to be excluded." *NLRB v. SW Gen., Inc.*, 580 U.S. 288, 302 (2017); *see also In re Bourgeois*, 902 F.3d 446, 447-48 (5th Cir. 2018) ("[T]he *expressio unius* canon is not meant to be mechanically applied.").

Indeed, Bruckner's amicus argument would *promote* abuse and thus defeat one of the statutory objectives of placement of the PPP within § 7(a) by depriving SBA of the authority to deny forgiveness as to the largest PPP loans—a position incompatible with those audit and investigative responsibilities, and hence heedless of the pertinent legal context. Rather, SBA has advanced the "better" and "clearly the more natural" reading of the term "guaranteed under" in § 636m(a)(1), *see* Def. Opp. 3-6, by fitting that provision within the entire statutory scheme, including the audit and investigative powers SBA explicitly cited, Def. Br. 16-21.

By contrast, the usage of "covered loan" in § 636m(*l*)(1)(E)(iii) on which Bruckner relies at most "suggest[s] that" the CAA 2021 "may not always use the phrase" "covered loan" "in its most natural sense." *See King v. Burwell*, 576 U.S. 473, 488 (2015). But, again, the court's task is "to construe statutes, not isolated provisions," *Graham Cnty. Soil & Water Conservation Dist. v. U.S. ex rel. Wilson*, 559 U.S. 280, 290 (2010), and, so all the provisions, including, of course, § 636m(*l*)(1)(E)(iii), "must be read in their context and with a view to their place in the overall statutory scheme," *Davis v. Mich. Dep't of Treas.*, 489 U.S. 803, 809 (1989)). SBA relied on such a reading in the Loan Review IFR. Bruckner's out-of-context reading of § 636m(*l*)(1)(E)(iii) is therefore incorrect. And contrary to Bruckner's contention (Amic. Br. 5), SBA's position is not "atextual." After all, "no 'textualist' favors isolating statutory language from its surrounding context." *Biden v. Nebraska*, 143 S. Ct. 2355, 2378 (2023) (Barrett, J., concurring).

## CONCLUSION

Bruckner's amicus argument should not be considered given that Plaintiffs did not raise it. In any event, Bruckner's contentions lack merit. For the reasons stated above and in SBA's prior briefs, summary judgment is properly granted to SBA.

Dated:  May 31, 2024                                   Respectfully submitted,

LEIGHA SIMONTON
UNITED STATES ATTORNEY

Of Counsel:

*s/ Tami C. Parker*

JAMES J. GILLIGAN
*Special Litigation Counsel*
INDRANEEL SUR
*Trial Attorney*
Civil Division, Federal Programs Branch
U.S. Department of Justice
P.O. Box 883
Washington, D.C.  20044
Telephone:  202-616-8488
Facsimile:   202-616-8470
E-mail: Indraneel.Sur@usdoj.gov

Tami C. Parker
Assistant United States Attorney
Burnett Plaza, Suite 1700
801 Cherry Street, Unit # 4
Fort Worth, TX 76102-6882
Texas Bar No. 24003946
Telephone: 817-252-5200
Facsimile:  817-252-5458
E-mail: tami.parker@usdoj.gov

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

On May 31 2024, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

s/ *Tami C. Parker*
Tami C. Parker
Assistant United States Attorney
