UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SSCP MANAGEMENT INC., *et al.*, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | Civil Action No. 3:22-cv-2807-x |
| | § | |
| UNITED STATES SMALL | § | |
| BUSINESS ADMINISTRATION, *et* | § | |
| *al.*, | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are motions for summary judgment from Plaintiffs SSCP Management Inc. (SSCP) and ATHR Management Company, Inc. (ATHR) (collectively, "Plaintiffs") and from Defendants United States Small Business Administration (SBA) and Isabella Casillas Guzman (Guzman) (collectively, "Defendants"). (Docs. 28, 30). After reviewing the relevant filings and applicable law, the Court **GRANTS** the Defendants' motion and **DENIES** the Plaintiffs' motion. The Court **GRANTS** summary judgment in favor of Defendants.

## I.  Background

SSCP filed this lawsuit with its affiliate company, ATHR, in 2022. SSCP provides "back office and administrative support" to its affiliated restaurant companies, which include Applebee's, Sonic, and Roy's franchisees. ATHR "employs upper-level managers" to supervise and manage affiliated Applebee's franchisees.

In March 2020, Congress passed the CARES Act, which created the Paycheck Protection Program (PPP).  The PPP allowed small businesses to obtain SBA-backed loans that could be forgiven if used for a permissible purpose, including employee payroll.[1]  SSCP and ATHR would not have ordinarily been eligible for an SBA-backed loan, as they and their affiliates employed roughly 5,300 people—well above the 500-employee limit for eligibility.  SSCP and ATHR believed, however, that 15 U.S.C. § 636(a)(36)(D)(iv), which waived rules regarding affiliate companies (the "Affiliation Waiver"), permitted them to list the number of their employees as 24 and 15, respectively.

A third-party lender approved Plaintiffs for PPP loans, which the SBA subsequently issued.  SSCP and ATHR then used that money to pay their employees and applied for forgiveness.  However, after requesting and receiving supplemental documentation regarding Plaintiffs' affiliated companies, the SBA denied the application, concluding that the Affiliation Waiver did not apply.  SSCP and ATHR then appealed to the Office of Hearings and Appeals (OHA), which came to the same conclusion: The Affiliation Waiver applied to companies with either a NAIC classification code of 72 (designated as "Accommodation and Food Services"), or a franchise identifier code from the SBA.[2]  SSCP and ATHR had neither.

In that appeal, SSCP and ATHR argued that the SBA erred by denying loan forgiveness to them because (1) they were "eligible recipients" under section 1106 of

---

[1] 15 U.S.C. § 636m(b)(1).

[2] 15 U.S.C. § 636(a)(36)(D)(iv).

the CARES Act, (2) the SBA's denial of forgiveness on that basis was impermissibly *ex post facto*, and (3) the Affiliation Waiver applied to SSCP and ATHR's affiliates (and by implication, to SSCP and ATHR as well).  In the instant case, however, SSCP and ATHR did not raise the Affiliation Waiver argument.  Instead, they only argued that they were eligible for forgiveness regardless of whether they were initially eligible for the PPP loan.

Plaintiffs moved for summary judgment only on the grounds in the complaint, and Defendants moved for judgment as a matter of law.  After the motions were fully briefed, the Court stayed the case pending resolution of an appeal to the Fifth Circuit in a case containing a similar argument, *Bruckner Truck Sales, Inc. v. Guzman*.[3]  Following the Fifth Circuit's decision, the parties filed supplemental briefing and the motions are now ripe.

## II.    Legal Standard

A court may set aside an agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."[4]  "A decision is arbitrary or capricious only when it is so implausible that it could not be ascribed to a difference in view or the product of agency expertise."[5]  "This narrow standard of review does not seek the court's independent judgment" but rather "asks only whether the agency engaged in reasoned decision making based on consideration of the relevant factors."[6]

---

[3] 148 F.4th 341 (5th Cir. 2025).

[4] 5 U.S.C. § 706(2)(A).

[5] *Yogi Metals Grp., Inc. v. Garland*, 38 F.4th 455, 458 (5th Cir. 2022) (cleaned up).

[6] *Id.*

Whether an agency's decision is arbitrary and capricious is a legal question, so adjudication via summary judgment is appropriate.[7]

### III.   Analysis

The Court finds that *Bruckner* is dispositive of SSCP and ATHR's claims. Plaintiffs' assertion of a new argument it failed to raise at OHA or in the complaint is unavailing.

### A.   Applicability of *Bruckner*

In *Bruckner*, the Fifth Circuit held that "if a business is not entitled to a guaranteed loan, then it's not entitled to forgiveness of that loan, either."[8]  The plaintiff in *Bruckner* received a PPP loan for which it conceded it was ineligible, but it nonetheless argued (among other things) that it was an "eligible recipient" under section 1106 of the CARES Act and that the SBA's denial of forgiveness of the loan was impermissibly *ex post facto*.[9]  The Fifth Circuit squarely rejected both arguments, holding that the phrase "guaranteed under section 636(a)(36)" meant "in accordance with" that section, given the PPP's context within "Congress's creation of a lending program aimed at specific potential borrowers, coupled with loan forgiveness."[10]  The Fifth Circuit also held that the SBA's denial of forgiveness was not retroactive because the agency's rule "merely clarifies what the CARES Act already conveys."[11]

---

[7] *See Amin v. Mayorkas*, 24 F.4th 383, 391 (5th Cir. 2022).

[8] 148 F.4th at 344.

[9] *Id.* at 344–45.

[10] *Id.*

[11] *Id.* at 345.

This Court is bound by Fifth Circuit precedent.[12]  Thus, *Bruckner* is dispositive of the claims raised in the parties' motions: To qualify for forgiveness of their PPP loans, SSCP and ATHR were required to have been eligible to receive those loans in the first place.[13]

## B.    Affiliation Waiver

SSCP and ATHR do not dispute the effect of *Bruckner* on their arguments as originally raised; instead, they assert that this case is distinguishable because they have not conceded that they were ineligible to receive the PPP loans.[14]  Plaintiffs argue that because they are "essentially restaurant companies" and that Congress intended the CARES Act to help restaurant companies, the Affiliation Waiver applied to them.[15]

Two responses.  First, this argument is doubly waived.  Plaintiffs failed to raise the argument that the Affiliation Waiver should apply because Plaintiffs are *essentially* restaurant companies before the OHA.[16]  "As the Supreme Court has unanimously agreed, in most cases, an issue not presented to an administrative decisionmaker cannot be argued for the first time in federal court."[17]  And neither did

---

[12] *See Dixon v. United States*, 548 U.S. 1, 4 (2006).

[13] *Bruckner*, 148 F.4th at 344.

[14] Doc. 58 at 1.

[15] *Id.* at 2.

[16] *See* AR000001–13, 239–51. While the Plaintiffs argued before the OHA that the Affiliation Waiver should apply to them because it applied to each of their affiliate companies, that is a fundamentally different argument from the one they raise here, where they assert that the Affiliation Waiver should apply to all "restaurant companies" regardless of whether they bear the NAIC classification code or franchise identifier code specified in the statute.

[17] *Caldera v. Ins. Co. of the State of Pa.*, 716 F.3d 861, 866 (5th Cir. 2013) (cleaned up).

the Plaintiffs raise the argument that they are essentially restaurant companies in their complaint..[18] "A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court."[19] So the Court cannot consider Plaintiffs' eligibility for the Affiliation Waiver because the argument is not properly before the Court.

Further, even if Plaintiffs had preserved the argument—which they did not— the Court would still find that the administrative process complied with the text of the law. The text of the Affiliation Waiver unambiguously states that it applies only to companies that fall under one of five specific exceptions, none of which Plaintiffs assert apply to them.[20] Congress expresses its intent through the words it passes into law.[21] And those words do not help the Plaintiffs. So while the Plaintiffs feel like restaurant companies, Boston was right. It takes more than a feeling.

---

[18] *See* Doc. 1; *U.S. ex rel. DeKort v. Integrated Coast Guard Sys.*, 475 F. App'x 521, 522 (5th Cir. 2012) (holding that even a liberal pleading standard does not give plaintiffs an opportunity to raise new claims at the summary judgment stage) (cleaned up).

[19] *Ford v. Anderson Cnty., Texas*, 102 F.4th 292, 318 (5th Cir. 2024) (cleaned up).

[20] 15 U.S.C. § 636(a)(36)(D)(iv) (stating that waiver of affiliation rules applies only to (1) companies with a NAIC code "beginning with 72"; (2) companies with "a franchise identifier code," (3) companies that receive "financial assistance from a company licensed under" 15 U.S.C. § 681; (4) certain companies with a NAIC code beginning with either 511110 or 5151; and (5) certain companies with a NAIC code of 519130.).

[21] *See Flores-Abarca v. Barr*, 937 F.3d 473, 486 (5th Cir. 2019) ("[W]e cannot replace the actual text with speculation as to Congress' intent.") (cleaned up); *United States v. Johnson*, 632 F.3d 912, 926 (5th Cir. 2011) ("We cannot ignore the plain language of the [statute] based on a hypothesis of congressional intent or logic.").

## IV.    Conclusion

Accordingly, the Court **GRANTS** the Defendants' motion, **DENIES** Plaintiffs'
motion, and **GRANTS** the summary judgment to the Defendants on all claims. The
Court will issue a final judgment specifically.

**IT IS SO ORDERED** this 6th day of August, 2026.


BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

7